Case 17.—ACTION BY THE BRADLEY-WATKINS TIE CO.
AGAINST M. J. JOHNSON, SHERIFF, AND OTHERS, TO
ENJOIN THE COLLECTION OF TAXES ON CROSS TIES
IN THIS STATE BELONGING TO A NON-RESIDENT.—
March 16.

## Johnson, Sheriff, &c. v. Bradley-Watkins Tie Co.

Appeal from Butler Circuit Court.

JOHN M. GALLOWAY, Circuit Judge.

Judgment for plaintiff. Defendants appeal. Reversed.

Taxation—Non-resident—Personal Property in This State.

Taxation—Non-resident—Personal Property in This State—Under
Kentucky Statutes, section 4020, providing that "all real and
personal estate within this State, and all personal estate of
persons residing in this State, * * * shall be subject to
taxation, unless the same be exempt by the Constitution,"
railroad cross ties owned by a foreign corporation which were
piled on a river bank in this State for the purpose, when a
boat was secured, of being shipped by the owner out of the
State, are liable to taxation in this State, both for State and
county purposes, and there is no constitutional provision,
State or Federal, which forbids it.

W. H. BARNES, GLENN & RINGO and S. A. ANDERSON for
appellant.

### POINTS CONSIDERED.

1. The property sought to be taxed was not in transit; was
not in the hands of a common carrier for the purpose of transportation out of the State, and hence was a part of the general
mass of property of the State of Kentucky, and was a proper
subject of taxation. (Coe v. Errol, U. S. Reports, Law Ed., book
29, p. 715; Diamond Match Co. v. Village of Ontonagon, U. S
Reports, Law Ed., book 47, p. 394.)

2. Even if taxing this property in Kentucky would result in
double taxation, this would be no ground of relief. (Coe v. Errol,
cited above; Kelly v. Rhoads, U. S. Reports, Law Ed., book 47, p.
359.)

3. The property sought to be taxed is cross ties that were made from timber grown in Ohio county, and said cross ties never having been removed from the county or put in the hands of a common carrier for transportation out of the State before the date of assessment, its situs for the purpose of taxation was in Ohio county, Kentucky, and it was a proper subject of taxation. (Coe v. Errol, cited above; Diamond Match Co. v. Village of Ontonagon, cited above.)

4. Injunction does not lie to restrain the collection of taxes on the ground that the property has been valued too high. (Royer Wheel Co. v. Taylor county, 104 Ky., 745.)

5. This court has jurisdiction notwithstanding the amount sought to be enjoined is less than two hundred dollars. (Shackleford v. Phillips [Ky.], 66 S. W., 419; Willis, &c. v. Thornton [Ky.], 78 S. W., 215.)

### AUTHORITIES CITED.

Coe v. Errol, U. S. Reports, Law Ed., book 29, p. 715; Diamond Match Co. v. Village of Ontonagon, &c., U. S. Reports, Law Ed., book 47, p. 394; Kelly v. Rhoads, U. S. Reports, Law Ed., book 47, p. 359; Ky. Stats., sec. 4020; Royer Wheel Co. v. Taylor county, 104 Ky., p. 745; Shackleford v. Phillips (Ky.), 66 S. W., 419; Willis, &c. v. Thornton (Ky.), 78 S. W., 215.

N. W. GORE, SPEED GUFFY, R. L. GREENE and MARTIN M. DURRETT for appellee.

Appellee Tie Company is a non-resident of the State of Kentucky. It is a citizen of the State of Minnesota, and there listed and paid tax on all its personal property for the year and property complained of.

Appellee Tie Company contends that the property was not subject to assessment; that it never owned the amount assessed; that the attempted assessment is illegal and improperly made. It asks that the judgment be affirmed:

First, because the property is personal property owned by a non-resident; its situs is not in Ohio county, but at the domicile of the owner, which is Minneapolis, Minnesota.

Second, because, being movable personal property of a non-resident in transit, to tax it would be in violation of the interstate commerce, and a tax on exports and imports.

Third, because, if the property was subject to assessment, the assessment was too large, being placed at $8,000, when in fact it was not worth $2,000; and that the assessment was not made as the law directs, and without notice to appellee, a court of equity has jurisdiction to grant the relief.

The property sought to be assessed is railroad ties, bought by appellee for immediate shipment and in the hands of appellee,

and were at the time they were assessed on the bank of the river awaiting a boat.

## AUTHORITIES CITED.

Blount v. Monroe, 60 Ga., 61; Clark v. Clark, 3 Woods, U. S., 408; Monroe v. Greenhow, 54 Mich,, 9; Cooley on Taxation, 2d. Ed., pp. 56-392; Burroughs on Taxation, sec. 40; Flanders v. Cross, 10 Cush. (Mass.), 514; City of Covington v. Wayne, 22 Ky. Law Rep., 826; Boske, Sheriff, v. Security Trust Co., Adm'r, 22 Ky. Law Rep., 181; Gates v. Barrett, &c., 79 Ky., 295; Baldwin v. Sheriff, 84 Ky., 502-512; Coldiron, Sheriff v. Ky. Lumber Co., 32 S. W., 224; Ky. Stats., sec. 4122; Ky. Stats., sec. 4128.

## ADDITIONAL POINTS AND AUTHORITIES BY APPELLEE IN PETITION FOR REHEARING.

1. That no Legislature of any State in this Union has ever deliberately applied the antagonistic doctrines of mobilia sequunter personam and actual situs to the same class of property, whether the owner be resident or non-resident.

2. That no court (where the question has been presented to its attention) has never construed a statute as intending that both doctrines shall apply to the same class of property.

3. Each State strives to enact as nearly as possible a uniform, just and consistent scheme of taxation—one which avoids, in theory, at least, double taxation and oppression. And with this purpose in view one State presumes that the other States adopt the same scheme.

4. That no State has ever applied one doctrine to its citizens and the other to citizens of sister States.

5. The Legislature of Kentucky has adopted the fiction of mobilia sequunter personam in the taxation of personal property of every description.

## AUTHORITIES CITED.

Boske, Sheriff, v. Security Trust Co., 22 Ky. Law Rep., 181; Covington v. Wayne, 22 Ky. Law Rep., 826; Wren v. Boske, Sheriff, 24 Ky. Law Rep., 1780; Langdon-Creasey Co. v. Trustees, &c., 25 Ky. Law Rep., 823; Commonwealth v. Union Refrigerator Transit Co., 26 Ky. Law Rep., 23; 25 Am. & Eng. Ency. Law (1st Ed.), 133; 1 Rev. Stats. (Indiana), 73; Herron, Treasurer v. Keevan, 59 Ind., 472; Standard Oil Co. v. Bachelor, 89 Ind., 4; City of New Albany v. Meekin, 3 Ind., 482; Eversole, &c. v. Cook, &c., 92 Ind., 224; The State v. Collector of Rahway, 24 N. J. L., 56; secs. 4020 and 4022, Ky. Stats.; 1 Cooley on Taxation (3d Ed.), 45; Osborn v. N. Y. & N. H. R. R. Co., 40 Conn., 494; 1 Rev. Stats. (New York),

387, sec. 1; Wilson v. Mayor of New York, 4 E. D. Smith, 682; Hoyt v. Commissioner of Taxes, 23 N. Y., 224; State v. Ross, 23 N. J. L., 522; Cooley on Taxation (3d Ed.), 673; Burroughs on Taxation, 186; Dwigt v. Mayor of Boston, 12 Allen, 318; Rogers v. Goodwin, 2 Mass., 475; Packard v. Richardson, 17 Mass., 144; Opinion of Justice, 3 Pick., 517; Commonwealth v. Hartwell, 3 Gray, 450; Acts 1891 (Indiana), page 199; Constitution, sec. 171; Holzhauer v. City of Newport, 96 Ky., 407; 37 Am. & Eng. Ency. of Law (2d Ed.), 926; Chap. 92, secs. 4 and 5, General Statutes Kentucky; secs. 4105-4114, Kentucky Statutes; Commonwealth v. The E. H. Taylor, Jr., Co., 101 Ky., 330; Coe v. Errol, 62 N. H., 303.

Opinion by Judge Barker—Reversing.

This action was instituted in the Butler Circuit Court by the appellee to enjoin the sheriffs of Butler and Ohio counties from collecting $84 State and county taxes for the year 1903 assessed against a lot of railroad cross-ties owned by the corporation, which were piled on the river bank in Kentucky for the purpose, when a boat load was secured, of being shipped by the owner out of the State. The appellee is a Minnesota corporation, assessed for all its personal property in its home State, and the ties were its property on assessment day. The question presented by this record is whether or not this personal estate, so owned and situated, is liable for State and county taxation here. Sec. 4020 of the Ky. Stats. of 1903 is as follows: "All real and personal estate within this State, and all personal estate of persons residing in this State, and of all corporations organized under the laws of this State, whether the property be in or out of this State, including intangible property, which shall be considered and estimated in fixing the value of corporate franchises as hereinafter provided, shall be subject to taxation unless the same be exempt from taxation by the Constitution, and shall be assessed at its fair cash value, estimated at

the price it would bring at a fair voluntary sale." This language is not open to construction. It says plainly that all real and personal estate within this State is subject to taxation. It means precisely what it says. And the next sentence, "all personal estate of persons residing in this State," shows that the Legislature had in mind the situs of personal property for taxation, and that they determined that personal estate situated in this State, whether belonging to non-residents or residents, should be liable for taxation, and that personal estate of persons residing in this State should be liable for taxation, whether the property be in or out of the State. There is no rule of fiscal law better settled than that it is within the power of the State to tax all property of which it has jurisdiction, whether the owner resides in the State or is a non-resident; that whether such property is taxed or not is a question of legislative intent, and, when the intent to tax is clear, the power to do so is unquestionable. The precise question here involved was decided in the case of Commonwealth v. Gains & Co., 80 Ky., 489, where it was held that whisky having a situs here, owned by non-residents, was taxable by the laws of this State. The case of Coe v. Errol, 116 U. S., 524, 6 Sup. Ct., 475, 29 L. Ed., 715, involved a question similar in all respects to that at bar. The opinion of the court was delivered by Mr. Justice Bradley, holding that, where logs owned by a non-resident were piled for shipment in one State, until they were in actual transit they were liable for taxation where situated, without reference to the question of non-residency of the owner, or that he had paid taxes on them in his home State. On the point under discussion it was said: "We have no difficulty in disposing of the last condition of the question, namely, the fact (if it be a fact) that the property

was owned by persons residing in another State, for, if not exempt from taxation for other reasons, it can not be exempt by reason of being owned by non-residents of the State. We take it to be a point settled beyond all contradiction or question that a State has jurisdiction of all persons and things within its territory which do not belong to some other jurisdiction, such as the representatives of foreign governments, with their houses and effects, and property belonging to or in the use of the government of the United States. If the owner of personal property within a State resides in another State, which taxes him for that property as part of his general estate attached to his person, this action of the latter State does not in the least affect the right of the State in which the property is situated to tax it also. It is hardly necessary to cite authorities on a point so elementary. The fact, therefore, that the owners of the logs in question were taxed for their value in Maine, as a part of their general stock in trade, if such fact were proved, could have no influence in the decision of the case, and may be laid out of view.'' We conclude, then, that by the terms of the statute the property in question was liable to taxation both for State and county purposes, and that there is no constitutional provision—State or federal—which forbids it.

The fact that the board of supervisors estimated the property at more than its actual value can not be remedied in this proceeding. (Royer Wheel Co. v. Taylor County, 104 Ky., 741, 20 Ky. Law Rep., 904, 47 S. W., 876.)

As the chancellor upon final hearing perpetuated the injunction restraining the collection of the tax by the officers having the matter in charge, it follows from the views herein expressed that his judgment

must be reversed, with directions to dismiss the petition, and it is so ordered.

Petition for rehearing by appellee overruled.