CASE 27.—ACTION BY THE PULLMAN CO. AGAINST CITY OF COVINGTON TO ENJOIN THE CITY FROM COLLECTING TAXES ON SLEEPING CARS.—October 17.

# City of Covington v. Pullman Co.

Appeal from Kenton Circuit Court.

W. McD. SHAW, Circuit Judge.

Judgment for plaintiff.    Defendant appeals.    Reversed.

1. Commerce—Regulation—Taxation—Sleeping Cars—Under Ky. Stats. 1903, sec, 3174, authorizing a city to make an annual assessment of all personal property within the corporate limits subject to taxation for State purposes, and sec. 4020, providing that all personal estate within the State shall be subject to taxation, unless exempted, a city may impose a tax on sleeping cars of a foreign corporation engaged in interstate commerce  to the extent of the value of the average number of cars daily placed in railroad yards in the city for the purpose of preparing them for train service.

2. Taxation — Restraining  Collection — Counterclaim — Power of Court to Require Payment of Taxes—A taxpayer, seeking to enjoin the collection of a tax, may be required by the court, under the prayer of the counterclaim of the municipality imposing the tax, to pay the tax into court.

HALL & McLEAN for appellant.

F. J. HANLON of counsel.

AUTHORITIES CITED AND POINTS DISCUSSED.

1. Appellee's cars come within the designation of property taxable by the city of Covington.  (Secs. 3174, 4021, Ky. Stats.)

2. To constitute double taxation the property must be twice taxed within the same jurisdiction. (Whitaker v. Brooks, 90 Ky., 68; Western Assurance Co. of Toronto v. Halliday, 126 Fed., 295.)

3. The doctrine of mobilia sequunter personam has no appli-

City of Covington v. Pullman Co.

cation to matters of taxation, and the term within the State means actually situated therein; also on question of double taxation, see Coe v. Errol, 116 U. S., 517; American Refrigerator Transit Co. v. Hall, 174 U. S., 70, [Col.]; Denver & R. G. R. R. Co. v. Church, 17 Col., 178, Pac., 468; Rieman v. Sheppard, 27 Ind., 288; Standard Oil Co. v. Combs, 96 Ind., 179; City of St. Louis v. Wiggins Ferry Co., 40 Mo., 581; Curtis v. Ward, 58 Mo., 295; City of New Albany v. Meekon, 3 Ind., 481; Hall v. The City of Madison, 21 Ind., 335; City of Baltimore v. Hussey, 67 Md., 112; City and County of San Francisco v. Mackey (C. C.), 22 Fed., 602; Savings & Loan Co. v. Multnomah County (C. C.), 60 Fed., 31; Territory v. Delinquent Tax List, 24 Pac., 182; Goldgart v. People, 106 Ill., 25; Dykes v. Lockwood Marty Co., 2 Kan. App., 217; Barber Asphalt Paving Co. v. The City of New Orleans, 41 La. Ann., 10-15; London & Globe Insurance Co. v. Board of Assessors, 44 La. Ann., 760; Clason v. The City of New Orleans, 46 La. Ann., 1; Common Council of the City of Detroit v. Assessors of the City of Detroit, 91 Mich., 78; The State v. Earl, 1 N. Y., 394; Mumford v. Sewall, 11 Or., 67; South Nashville St. Ry. Co. v. Morrow, 87 Tenn., 406; Wm. Redmond, &c. v. Coms. of Rutherford, 87 N. C., 122; Albany v. Powell, 2 Jones Eq., 51; Adams v. Adams, 21 Vt., 159; Hoyt v. Coms. of Taxes, 23 N. Y., 224; Warner v. Jaffrays, &c., 96 N. Y., 225-226; Hardisty v. Fleming, 57 Tex., 395; Palmer v. Carwith, 3 Chand., 297, 3 Penn., 267; Commonwealth v. Gaines, 80 Ky., 489.

4. The right of a State to tax extends to all persons and things within its jurisdiction. The State, having jurisdiction of the person, may, if it so desires, utilize the fiction of mobilia sequunter personam to extend its taxing powers. (Adams v. Adams, 21 Vermont, 159; Story on Conflict of Laws, p. 19; Hoyt v. Com. of Taxes, 23 N. Y., 224; Western Assurance Co. v. Halliday, 126 Fed., 257; Matter of Whiting, 150 N. Y., 31; Matter of Bronson, 150 N. Y., 17; Blackstone v. Miller, 188 U. S., 189; New Orleans v. Stempel, 175 U. S., 309.)

a. The cases of Wren v. Boske, Sheriff, 24 Ky. Law Rep., 780; Boske, Sheriff v. Security Trust and Safety Vault Co., &c., 22 Ky. Law Rep., 181; The City of Covington v. Wayne, 22 Ky. Law Rep., 826; Gates v. Barrett, 79 Ky., 296; City of Louisville v. Shirley, 80 Ky., 71, only support appellee's contention that our State has employed the fiction of mobilia sequunter personam to a certain extent. In these cases it was only utilized in order to make a choice between two possible situses, the person and property being within the State. These cases are also com-

mented upon as being in error in fixing the domicile of a resident owner as the place for taxing his property.

5. Actual situs should be the place of taxing personal property within the State. (Ky. Stats., secs. 4023, 4033, 4047, 4052, 4058.)

a. The facts alleged in this case show that appellee's cars have a situs within the city.

6. The abiding place or place of rest of rolling stock of railroads is the place where the same is taxable. (Atlantic and Pacific R. R. Co. v. Lesneur, 2 Ariz., 428; City of Dubuque v. Illinois Central R. R. Co., 39 Iowa, 82; Carlisle v. Pullman Palace Car Co., 8 Col., 320.)

The average number of cars may be taken as basis of assessment. (Am. Ref. Tran. Co. v. Hall, 73, 82; Pullman P. C. Co. v. Com. of Penn., 25, 26; approved in U.] R. Transit Co. v. Lynch, 177 U. S., 428.)

7. The appellants have the right to distrain appellee's cars for its taxes. (Sec. 212, Ky. Constitution; sec. 814, Ky. Stats.)

8. The appellants have a right to recover their taxes in this action. (William Clark, Sheriff v. Louisville Water Co., 90 Ky., 515; Louisville Water Co. v. Commonwealth, 89 Ky., 244.)

MARTIN M. DURRITT for appellee.

N. W. GORE, SPEED GUFFY and R. L. GREENE of counsel.

POINTS AND AUTHORITIES.

1. No Legislature of any State in this Union has ever deliberately applied the antagonistic doctrine of mobilia sequuntur personam and actual situs to the same class of property, whether the owner be resident or non-resident.

2. No court (where the question has been presented to its attention) has ever construed a statute as intending that both doctrines shall apply to the same class of property.

3. While one State is not bound to recognize the policy of taxation of another State, and does not, and while this disregard often leads in actual practice to double taxation, nevertheless each State intends to enact as nearly as possible a uniform, just and consistent scheme of taxation, one which avoids, in theory at least, double taxation and oppression. And with this purpose in view one State presumes that the other States adopt the same scheme.

4. No State has ever applied one doctrine to its citizens and the other to citizens of sister States. (1 Rev. Stats., N. Y., 387, sec. 1; Wilson v. Mayor of New York, 4 E. D. Smith, 682; Hoyt v. Coms. of Taxes, 23 N. Y., 224; 1 Rev. Stats. Ind., 1876, p.

73; Herron, Treasurer v. Keeran, 59 Ind., 472; Standard Oil Co. v. Bachelor, 89 Ind., 4; City of New Albany v. Meekin, 3 Ind., 482; Eversole v. Cook, 92 Ind., 224; The State v. Collector of Rahway, 24 N. J. L., 56; The State v. Ross, 23 N. J. L., 522; Overfield v. Sutton, 1 Met. [Ky.], 621; Lee v. Forman, 3 Met. [Ky.], 114; Johnson v. Offutt, 4 Met. [Ky.], 19; Pennington v. Woolfolk, &c., 79 Ky., 18, 19; Act of February 23, 1837, 3 Stats. Law, 511; Commonwealth v. Hays, 8 B. Mon., 1; Act of 1848, Session Acts, p. 80; Act January 9, 1852; Act May 17, 1886, chap. 92, Gen. Stats.; Whitaker, Auditor's Agent v. Brooks, 90 Ky., 75; Act of November 11, 1892, chap. 108, Ky. Stats.; secs. 2730, 2731, 2734, Rev. Stats. Ohio, 1890; People v. Insurance Co., 29 Cal., 534; State ex rel Dunica v. County Court, 69 Mo., 454; Valle v. Ziegler, 84 Mo., 214; People v. Gardner, 51 Barb., 252; In re Hoffman, 153 N. Y., 329; In re Merriman, 141 N. Y., 479; In re Swift, 137 N. Y., 77; In re Bronson, 150 N. Y., 1; Blackstone v. Miller, 188 U. S., 189, 206.)

5. Under the laws of Kentucky the situs of personal property of every description, for purpose of taxation, is the domicile of the owner. (Secs. 4020, 4022, Ky. Stats.; I Cooley on Taxation, 3d Ed., 45; Osborn v. N. Y. & N. H. R. R. Co., 40 Conn., 494; Commonwealth, &c. v. Un. Refrigerator Transit Co., 26 Ky. Law Rep., 23; Boske, &c. v. Security Trust, &c. Co., 22 Ky. Law Rep., 181; Covington v. Wayne, 22 Ky. Law Rep., 826; Wren v. Boske, &c., 24 Ky. Law Rep., 1780; Langdon-Creasey Co. v. Trustees, &c., 25 Ky. Law Rep., 823; McMakin v. Commonwealth, 25 Ky. Law Rep., 2195; O'Callaghan's Ex'or v. City of Owensboro, 111 Ky., 765; Board of Councilmen v. Scott, 101 Ky., 615; L. & N. R. R. Co. v. City of Barbourville, 105 Ky., 174; Phelps v. Thurston, 47 Conn., 477.)

6. This court has correctly construed sec. 4020, Ky. Stats. (Sams, &c. v. Sams' Adm'r, 85 Ky., 396; Commonwealth v. Reynolds, 89 Ky., 147; Bird v. Board Commissioners, 95 Ky., 195; Commonwealth v. Hallidy, 98 Ky., 616; Endlich on Int. Statutes, sec. 295; Covington v. McNichles' Heirs, 18 B. Mon., 286; Barbourville v. City of Louisville, 83 Ky., 95; Sedgwick on Statutory Construction, 361.)

7. The collection of the tax sued for would be a violation of the Bill of Rights and the 14th amendment. (Bill of Rights Ky., sec. 2; 14th amendment Constitution United States; Scott v. McNeal, 154 U. S., 45; Cooley on Taxation, 3d Ed., 62; Railroad Tax Cases, 13 Fed., 722; Cooley's Const. Limitations, 7th Ed., 744, 747.)

8. Rolling stock of railroads have no taxable situs in the city of Covington. (Secs. 4096, 4098, 4102, 4103, Ky. Stats.; Pullman Palace Car Co. v. Commonwealth of Pa., 141 U. S., 23; Union Refrigerator Transit Co. v. Lynch, 177 U. S., 149; Adams Express Co. v. Ohio, 165 U. S., 194, 166 U. S., 185; Carlisle v. Pullman Palace Car. Co., 8 Col., 320; Marye v. Railroad, 127 U. S., 117.)

9. Ministerial officers can not distrain rolling stock used in operation of railroads. (Elizabethtown & P. R. Co. v. Trustees, &c., 12 Bush, 239; L. & N. R. R. Co. v. Hopkins County, 87 Ky., 614; Louisville Water Co. v. Commonwealth, 89 Ky., 248; Commonwealth v. City of Louisville, 20 Ky. Law Rep., 893; secs. 3176, 3187, Ky. Stats.; secs. 182, 212, Constitution of Ky.)

OPINION BY CHIEF JUSTICE HOBSON—Reversing.

The Pullman Co., which is an Illinois corporation, with its home office in Chicago, brought this suit to enjoin the city of Covington from collecting a tax amounting to $810 upon three sleeping cars, assessed for municipal taxation as of September 15, 1902, at a valuation of $45,000; it being alleged by the company that the cars were employed for the purpose of transporting passengers over the Chesapeake & Ohio Railroad lines to and from the city of Cincinnati, Ohio, through the city of Covington, to and from points in the State of Kentucky and outside of the State. The city by its answer alleged that the cars in question were on September 15, 1902, located in the yards of the Chesapeake & Ohio R. R. Co., in Covington, for the purpose of being cleaned and repaired and made ready for train service; that they were a part of the trains regularly employed in passenger service between Cincinnati and points east, making regular trips, and that after each trip they were placed in the yard, cleaned and repaired; that for years past there had been a daily average of three cars located in the yards, and that these cars had a situs in the city of Covington for city

taxation. The answer was made a counterclaim. The plaintiff demurred to the answer and counterclaim. The demurrer was sustained, and, the city declining to plead further, judgment was entered as prayed in the petition.

While the personal property of a resident of this State must be given in for taxation by the owner in the county of his residence, the personal property of a nonresident of the State must be assessed in the county where it is situated—where it has a situs in the State. (Johnson v. Bradley-Watkins Tie Co., 120 Ky., 136, 85 S. W., 726, 27 Ky. Law Rep., 540; Ayer & Lord Tie Co. v. Keown (this day decided), 28 Ky. Law Rep., 201, 89 S. W., 116.) The charter of the city of Covington authorizes the city to tax all real and personal property within the corporate limits of the city which is subject to taxation for State purposes. (Ky. Stats. 1903, sec. 3174.) Since personal property belonging to a nonresident having a situs in this State may be taxed for State purposes in the county where it is situated, under sec. 4020, Ky. Stats. 1903, as was held in the cases above cited, it follows that the cars in question may be taxed by the city of Covington if they have a situs within the city. The taxation of cars used on railroads and moving continually from point to point is a subject of no little difficulty. No three particular cars have a permanent situs in the city of Covington; but there are all the time in the yards there three cars, which are being made ready to go out on their trips. This property enjoys the protection of the municipal government and should justly contribute to its maintenance. It would be manifestly unjust to the company to tax all the cars that go in and out of the yards; but, when it has three cars there all the time,

it is not easy to see that the company has any substantial ground of complaint.when it is made to pay taxes on three cars.

In American Refrigerator Transit Co. v. Hall, 174 U. S., 70, 19 Sup. Ct., 599, 43 L. Ed., 899, the United States Supreme Court had before it a case involving the taxation by the State of Colorado of certain cars belonging to an Illinois corporation which had no place of business in Colorado. The cars were never run in that State in fixed numbers or at regular times, or as a regular part of particular trains; but the average number of cars in the State equal 40. The property was held taxable. The court said: "It having been settled, as we have seen, that where a corporation of one State brings into another to use and employ, a portion of its movable personal property, it is legitimate for the latter to impose upon such property thus used and employed, its fair share of the burdens of taxation imposed upon similar property used in like way by its own citizens. We think that such a tax may be properly assessed and collected, in cases like the present, where the specific and individual items of property so used and employed were not continuously the same, but were constantly changing, according to the exigencies of the business, and that the tax may be fixed by an appraisement and valuation of the average amount of the property thus habitually used and employed. Nor would the fact that such cars were employed as vehicles of transportation in the interchange of interstate commerce render their taxation invalid." This opinion was followed and approved in Union Refrigerator Transit Company v. Lynch, 177 U. S., 149, 20 Sup. Ct., 631, 44 L. Ed., 708.

These opinions are supported by the previous decisions of the court therein cited, and are conclusive

City of Covington v. Pullman Co.

that the property in question may be taxed in Covington.

We can not see that it is material that the State authorizes the assessment to be made by a local assessor, and not by a State Board of Assessment. The assessment is made by the assessor on the property within the city, just as the assessment would be made by a State board on the property within the State. The assessment is made only on three cars, the average number constantly within the city. Appellee's other cars used on the railroad lines escape assessment. No apportionment is to be made, as the whole tax is due the city.

The appellee, having come into a court of equity, seeking to enjoin the collection of the tax, may be required by the court under the prayer of the counterclaim to pay the taxes into court. (Louisville Water Co. v. Commonwealth, 89 Ky., 244, 11 Ky. Law Rep., 414, 12 S. W., 300, 6 L. R. A., 69, Clark v. Louisville Water Company, 90 Ky., 515, 12 Ky. Law Rep., 309, 14 S. W., 502.)

Judgment reversed and cause remanded, for further proceedings consistent herewith.

JUDGE CANTRILL absent.