**GREYHOUND LINES, INC., Appellant,**

v.

**BOARD OF EQUALIZATION FOR the CITY OF FORT WORTH et al., Appellees.**

**No. 16800.**

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 17, 1967.

Rehearing Denied March 10, 1967.

Stone, Parker, Snakard & Brown, R. F. Snakard and Richard Lee Brown, Fort Worth, for appellant.

S. G. Johndroe, Jr., City Atty., Fort Worth, for appellees.

MASSEY, Chief Justice.

Taxation case.

The questions involved do not appear to have heretofore been directly decided by any appellate court of this state. We therefore have concluded that a rather brief opinion would be proper.

 FIRST HOLDING: Tangible personal property of a foreign corporation, to wit: passenger motor busses, physically present within the state for such substantial period of time as to endow it with characteristics of permanency pursuant to the owner's transaction of business in interstate commerce acquires a tax situs within the state, and an ad valorem tax may be imposed thereon on basis of an equitable apportionment fairly and in good faith calculated in consideration of presence or use within as compared with presence or use both within and without the state.

■ SECOND HOLDING: Subdivisions of the state having authority to levy ad valorem taxes upon such passenger motor busses as acquire a tax situs within the jurisdiction of the subdivision are authorized only to impose such character of tax on basis of an equitable apportionment fairly and in good faith calculated in consideration of presence or use within the subdivision as compared with presence or use both within and without the subdivision. (Of course an ad valorem tax calculated on the basis of use without the subdivision as well as within the same would be avoidable, as excessive, in the event the amount thereof would exceed that fairly calculable on the basis of presence or use wholly within the subdivision.)

■ THIRD HOLDING: In instances where there is an exchange of passenger motor busses within the state or taxing subdivision thereof, because of shifts of the rolling stock, an average fair taxable value may be arrived at by calculation of average number and value of motor busses thus maintained, used and employed at the tax situs and ad valorem tax based thereupon is valid and collectible.

Section 11, Article 8, of Vernon's Ann. Tex.Constitution, Vernon's Ann.St. provides that: "All property, whether owned by persons or corporations shall be assessed for taxation, and the taxes paid in the county where situated * * *."

Vernon's Ann.Tex.St. Art. 7153, "(Property Subject to Taxation)—Where ren-

dered", provides: "All property, real and personal, except such as is required to be listed and assessed otherwise, shall be listed and assessed in the county where it is situated; and all personal property, subject to taxation and temporarily removed from the State or county, shall be listed and assessed in the county of the residence of the owner thereof, or in the county where the principal office of such owner is situated."

■ As between various taxing districts within the state the Legislature may fix a situs for taxation, and it has done so in a number of instances. See V.A.T.S. Arts. 7169a, 7155, 7157 and 7165. It has not done so in respect to passenger motor busses. It is of interest to note that the Constitution (Art. 8, sec. 8) fixes the situs of rolling stock of railroads.

■ The location of the administrative offices and principal place of business of the Greyhound Lines, Incorporated in Fort Worth, Tarrant County, Texas, is without significance in respect to the questions here posed, it being a foreign corporation. The law discussed in City of Fort Worth v. Southland Greyhound Lines, 123 Tex. 13, 67 S.W.2d 354 (Fort Worth Civ.App., 1931), and in City of Fort Worth v. Southland Greyhound Lines, 123 Tex. 13, 67 S. W.2d 361, answering certified questions and approving the Court of Civil Appeals opinion, is of aid, but does not answer the taxation questions in this case. Questions settled by the opinion had relation to the right to tax personal property of a domestic corporation, not that of a foreign corporation.

■ The questions presently posed relate to an exception to the common law rule of *mobilia sequuntur personam* recognized in Texas. It has been held since Great Southern Life Ins. Co. v. City of Austin, 112 Tex. 1, 243 S.W. 778 (1922) that as between different towns and taxing districts certain classes of tangible personal property have a taxable *situs* where employed in business, regardless of the domicile of the owner. In City of Dallas v. Overton, 363 S. W.2d 821 (Dallas Civ.App., 1962, writ ref. n. r. e.) the court wrote: " * * * tangible personal property acquires a tax situs in a jurisdiction apart from its owner if it is kept there with sufficient permanency that it may fairly be regarded as being a part of the general mass of property within the jurisdiction." See also State v. Crown Central Petroleum Corp., 242 S.W.2d 457 (San Antonio Civ.App., 1951, error refused).

■ In connection with our holding of propriety to arrive at "an average" for purposes of taxation it is of importance to note that we are not advocating an "average number" rule, but rather are averring that it is that certain number which has attained the necessary degree of "permanency" *as to situs* which makes personal property of a non-resident taxable. The question seems not to have been written upon by an appellate court of this state, but was the subject of an opinion by the Attorney General of Texas. Reference is made to Opinion No. C–432, under date of May 6, 1965 to the Honorable W. E. Coats, Jr., Criminal District Attorney of Smith County.

Among authorities leading to our conclusions we have found particular aid in the following: 49 A.L.R. 1099, Annotation: "Taxation of foreign-owned railroad rolling stock temporarily within the taxing state"; Flying Tiger Line v. County of Los Angeles, 51 Cal.2d 314, 333 P.2d 323 (1958), certiorari denied; Reeves v. Island Creek Fuel & Transportation Co., 230 S.W.2d 924 (Court of Appeals of Kentucky, 1950), certiorari denied; City of Covington v. Pullman Co., 121 Ky. 218, 89 S.W. 116 (Court of Appeals of Kentucky, 1905).

The proceeding in the trial court was upon motions of all parties for summary judgment. We have concluded that it would not have been proper to grant either motion. The defendant taxing agencies were in error in contending for as great an amount of tax as was sought and collected,—and the taxpayer who was suing for a return of tax paid under protest was in error in

contending that it owed no tax on any of its motor busses. Taxes were owed. Proper amount thereof remains to be determined.

Judgment is reversed and the cause is remanded for trial on the merits.