BOSTON INVESTMENT COMPANY *vs.* CITY OF BOSTON.
MASSACHUSETTS REAL ESTATE COMPANY *vs.* SAME.
NORTHERN INVESTMENT COMPANY *vs.* SAME.

Suffolk.     January 18, 1893. — March 7, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Foreign Corporation — Taxation of Bank Deposit — Inhabitant — Statute.*

A corporation organized under the laws of another State, having an office and doing a large part of its business in a city in this Commonwealth, cannot be taxed on money deposited by it with a national bank in that city, and the provisions of the Pub. Sts. c. 11, § 20, that "All personal estate, within or without the Commonwealth, shall be assessed to the owner in the city or town where he is an inhabitant on the first day of May, except," etc., do not apply.

KNOWLTON, J.   These three cases all present the same questions. Each of the plaintiffs is a corporation organized under the laws of another State, having an office and doing a large part

of its business in Boston in this Commonwealth. Each of them has paid to the defendant, under protest, a tax assessed on money deposited by it with a national bank in Boston, and the question is whether the defendant could legally assess such a tax.

The defendant in its argument relies solely on the Pub. Sts. c. 11, § 20, which provide that "All personal estate, within or without the Commonwealth, shall be assessed to the owner in the city or town where he is an inhabitant on the first day of May, except," etc. : and it is contended that the word " owner," like the word " person," may be applied to a corporation, and that a foreign corporation is an inhabitant in any city or town in this State where it has its principal place of business. On the other hand, it may be said that this clause of the statute has never been held to apply to corporations, but has repeatedly been decided to be inapplicable even to corporations organized under the laws of this Commonwealth. Previously to the enactment of the laws for taxing franchises of corporations, it was held that the personal property belonging to a corporation, except machinery, was not taxable to the corporation under this section, but was included in the value of the shares which were taxed to the stockholders. *Salem Iron Factory* v. *Danvers,* 10 Mass. 514. *Boston & Sandwich Glass Co.* v. *Boston,* 4 Met. 181. *Worcester Ins. Co.* v. *Worcester,* 7 Cush. 600. *Dunnell Manuf. Co.* v. *Pawtucket,* 7 Gray, 277. Of a domestic corporation which does business in different cities and towns, it would be impossible to say that it is an inhabitant of one municipality more than of another.

There are additional reasons why this section cannot apply to foreign corporations. The language above quoted implies that the owner has a domicil in some city or town of this State which draws after it, for purposes of taxation and the laws of descent, all his personal property wherever situated, and that he is not a person who has a domicil or who owes allegiance elsewhere. The word " inhabitant " in this statute means one whose domicil is in the place referred to. *Borland* v. *Boston,* 132 Mass. 89. The domicil of a corporation is in the State of its origin, and it retains that domicil irrespective of the residence of its officers or the place where its business is transacted. This has been decided in many cases. Under the Judiciary Act of the United States, which establishes the jurisdiction of the Circuit Courts of the

United States, it has always been held that a corporation is a citizen of the State under which it holds its charter, without regard to the residence of its officers or members, or to the place where its business is carried on. *Danforth* v. *Penny*, 3 Met. 564. *Blackstone Manuf. Co.* v. *Blackstone*, 13 Gray, 488. *Louisville, Cincinnati, & Charleston Railroad* v. *Letson*, 2 How. 497. *Marshall* v. *Baltimore & Ohio Railroad*, 16 How. 314. *Lafayette Ins. Co.* v. *French*, 18 How. 404, 408. *Railroad Co.* v. *Harris*, 12 Wall. 65. *Ex parte Schollenberger*, 96 U. S. 369. *Railroad Co.* v. *Koontz*, 104 U. S. 5, 12. *Goodlett* v. *Louisville & Nashville Railroad*, 122 U. S. 391. In *Insurance Co.* v. *Francis*, 11 Wall. 210, it is held that a corporation of one State by engaging in business or acquiring property in another State does not thereby cease to be a citizen of the State creating it. Referring to the State where the corporation is incorporated, the court says: "Its place of residence is there, and can be nowhere else. Unlike a natural person, it cannot change its domicil at will, and, although it may be permitted to transact business where its charter does not operate, it cannot on that account acquire a residence there." In *Bank of Augusta* v. *Earle*, 13 Pet. 519, 588, is a declaration that "it must dwell in the place of its creation, and cannot migrate to another sovereignty." In *Merrick* v. *Van Santvoord*, 34 N. Y. 208, 218, are these words: "A corporation is an artificial being, and has no dwelling, either in its office, its warehouses, its depots, or its ships. Its domicil is the legal jurisdiction of its origin, irrespective of the residence of its officers, or the place where its business is transacted."

It is clear that neither of the plaintiffs is an inhabitant of Boston within the meaning of the word in the section of the statute which we have quoted. In coming into this Commonwealth to do business, foreign corporations impliedly agree to subject themselves to the conditions imposed by our statutes, and if the Legislature should see fit to tax their money on deposit in banks in this Commonwealth the tax would be legal. *Attorney General* v. *Bay State Mining Co.* 99 Mass. 148. *Oliver* v. *Liverpool & London Ins. Co.* 100 Mass. 531. But at present we have no law under which such deposits can be taxed.

It is not contended, and it could not successfully be contended, that money in bank is "goods, wares, merchandise," or "stock

in trade," within the meaning of the first clause of § 20 of c. 11 of the Public Statutes.   The entry in each case will be,

*Judgment for the plaintiff.*

*A. M. Alger*, for the plaintiffs.
*A. J. Bailey*, for the defendant.