CASE 15.—ACTION BY THE COMMONWEALTH BY GEORGE H. ALEXANDER, REVENUE AGENT, AGAINST R. G. DUN & CO., TO COMPEL IT TO TAX CERTAIN OMITTED PROPERTY.—June 12.

## Commonwealth v. R. G. Dun & Co.

Appeal from Jefferson Circuit Court.

Common Pleas Branch (2 Div.) THOS. R. GORDON, Judge.

Judgment for defendant, plaintiff appeals—Reversed.

Taxation—Personal Property of Non-resident.—Where a nonresident establishes a business in the State and manages it by resident agents, money in bank and debts due it, accumulated from the business, are taxable under Ky. Stats., 1903, Sec. 4020, declaring all personal property situated in the State subject to taxation.

M. J. HOLT for appellant.

### POINTS OF LAW AND AUTHORITIES.

1. Where business is conducted for an estate by four trustees, it constitutes a partnership, even though such trustees derive no profit personally: Story on Partnerships, 2d ed., secs. 70, 106.

Commonwealth v. R. G. Dun & Co.

2. There are two classes of persons known to the law—natural and artificial. The only artificial person is a corporation. Partnerships and unincorporated persons are not persons, and the situs of their intangible property does not follow the person.

. 3. Appellee, R. G. Dun & Company, is a partnership, and the situs of partnership property, tangible or intangible, is wherever the partnership does business, although the members of the partnership may reside elsewhere. The firm and not the individual members are the owners of firm property. A firm for the purposes of taxation is a distinct entity: Louisville v. Tatum, Embry & Co., 111 Ky., 747; Pilcher's Succession (Civil Law), 39 La. Ann., 362.

4. A partnership can have nothing but a business situs, and that business situs is at every place the partnership does business. At such place its property must be listed, whether tangible. or intangible.

5. . R. G. Dun & Company is as much in business here as in New York. The relative amount of business done is not considered in fixing the situs. The defendant pays only on the Kentucky property.

6. Where money or credits is handled by an agent for a nonresident principal, loaned or re-loaned, checked on for current expenses, or is kept invested as a permanent business, and exclusively under the protection of the laws of this State, it acquires a business situs in this State, distinct from the domicil of a nonresident owner, and is subject to ad valorem taxes imposed by this State; Bristol v. Washington County, 177 U. S., 141-2-4; New Orleans v. Stempel, 175 U. S., 309.

7. Persons are not permitted to avail themselves for their own benefit of the laws of the State in the conduct of business within its limits and then to escape the due contribution of taxes to the public needs: New Orleans v. Stempel, 175 U. S., 309.

GREGORY & McHENRY for appellee.

LIST OF AUTHORITIES DISCUSSED ON BEHALF OF APPELLEES.

1. Bank deposits are intangible property: Williams v. Rogers, 14 Bush, 788; Clayson v. City of New Orleans, 14 S. W. R. 306; Grundy County v. Tennessee Iron & Coal Company, 29 S. W. R., 116; Commonwealth v. Cumberland Telephone & Telegraph Company, 99 S. W. R., 604.

2. Intangible personalty of non-residents not taxable in Kentucky: Ky. Stats., sec. 4020; Board of Councilmen of Frankfort v. Fidelity Trust Company, 23 Ky. Law Rep., 912; Callahan v. Singer Manufacturing Company, 92 S. W. R., 581; O'Callaghan's exor. v. City of Owensboro, 111 Ky., 765; Commonwealth v. Haggin, 99 S. W. R., 906.

3. Appellees not in fact a partnership: Bouvier's Law Dictionary defining partnership; Words and Phrases Judicially Defined, vol. 6, p. 5191; 2d ed. Amer. & Eng. Enc. of Law, vol. 22, p. 14.

(a) Non-resident, though partnership taxable same as individual or corporation; City of Louisville v. Tatum, Embry & Company, 111 Ky., 747; Burroughs on Taxation, p. 225, sec. 98.

4. Cases discussed and distinguished: New Orleans v. Stempel, 175 U. S., 309; Bristol v. Washington County, 177 U. S., 133.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

This action was brought in the Jefferson circuit court against R. G. Dun & Co., in the name of the Commonwealth of Kentucky, by Geo. H. Alexander, revenue agent for the State at large. There is no controversy as to the facts; the only testimony in the case being that of Mr. J. J. Sanders, the manager for appellee at Louisville, Ky., which shows that the business of R. G. Dun & Co. is conducted by four trustees, under the will of R. G. Dun, for the sole benefit of his estate, and that all the trustees and the chief office of the company are located in the State of New York. It is also shown, and is conceded, that appellee had established an agency and office in Louisville, Ky., many years ago, and had transacted a portion of its business there ever since, and that on September 15, 1900, had deposited in banks in that city to its credit $4,240.50; on September 15, 1901, $2,696.14; on September 15, 1902, $4,760.55; on September 15, 1903, $949.65; and on September 1, 1904, $161.14. There was due to the Louisville office

from subscribers (or persons transacting business with appellee) on each of the above assessing dates about $5,000. The income from the Louisville office for each of the years named was about $40,000, which was deposited in the banks, on which the manager drew checks for all current expenses, and at the end of each month, if there was any substantial balance on deposit, he would remit to the New York office. It is conceded that the money deposited in the banks, and the amounts due at the assessing dates referred to, were omitted from assessment and taxation; but appellee claims that the situs of these deposits and the debts due appellee on the above-named assessing days, for the purpose of taxation, must be deemed and considered to exist in New York, the home of Dun's heirs, devisees, and trustees managing the estate. The lower court sustained this contention, and dismissed appellant' petition.

There can be no doubt but that this money in bank and debts due appellee, referred to, were personal estate. Section 4020 of the Kentucky Statutes of 1903 declares: ''All real and personal property situated within this State, * * * shall be subject to taxation unless the same be exempt from taxation by the Constitution. * * *'' This section of the statute literally includes all property, whether owned by residents or non-residents. This court, however, in construing this statute, has determined that it does not apply to the property of non-residents when in this State temporarily; that in such a case the situs for the purpose of taxation is at the domicile of the owner. See cases of Board of Councilmen v. Fidelity Trust & Safety Vault Co., 64 S. W. 470, 111 Ky. 667, 23 Ky. Law Rep. 908, Callahan, Sheriff, v. Singer Manufacturing Co., 92 S. W. 581, 29 Ky.

Law Rep. 123, and Commonwealth, by Alexander, Revenue Agent, v. Haggin, 99 S. W. 906, 30 Ky. Law Rep. 788. But this court has never held that when a non-resident of this State establishes a business in this State, from which money is derived, and other property is accumulated, such property should be relieved from taxation. In our opinion the accumulations from the business of appellee are not temporarily in this State, in the meaning of the decisions referred to. In this case we have a non-resident with an established business, agents residing here who managed it, and an income of over $40,000 annually. Its business received the same protection as the business of the citizen under the laws of the State, and should be compelled to share equally the burden. The obligation to pay taxes on property for the support of the government arises from the fact that it is under the protection of the government. Persons should not be permitted to avail themselves of the benefit of the laws of the State in the conduct of their business, within its limits, and then escape their due contribution to the public needs. The case of Bristol v. Washington County, 177 U. S. 144, 20 Sup. Ct. 585,, 44 L. Ed. 701 is in point. In that case Justice Fuller said: "It was employed here as a business by one who exercised over it the same control and management as over his own property, except that he did it in the name of an absent principal. It was exclusively under the protection of the laws of this State. It had to rely on those laws for the force and validity of the contracts on the loans and the preservation and enforcement of the securities. The laws of New York never operated on it. If credits can ever have an actual situs other than the domicile of the owner, can ever be regarded as property within any other

State, and as under obligation to contribute to its support in consideration of being under its protection, it must be so in this case.   *   *   *   In New Orleans v. Stempel, 175 U. S. 309, 20 Sup. Ct. 110, 44 L. Ed. 174, certain taxes were levied on money on deposit, and also on money loaned on interest, credits, and bills receivable, and it was held by this court that the statute of Louisiana, as interpreted by the courts of that state, in authorizing such an assessment, did not violate the Constitution of the United States.   There the money, notes, and evidences of credits were in fact in Louisiana, though their owners resided elsewhere.   Still, under the circumstances of the case before us, we think, as we have said, that the mere sending of the notes to New York and the revocation of the power of attorney did not take these investments out of the rule.   Persons are not permitted to avail themselves for their own benefit of the laws of a State in the conduct of business within its limits, and then to escape their due contribution to the public needs through actions of this sort, whether taken for convenience or by design.''

For these reasons, the judgment of the lower court is reversed, and remanded for further proceedings consistent herewith.