CASE 52.—ACTION IN THE COUNTY COURT BY THE COMMONWEALTH UNDER KY. STATUTE, SEC. 4241 AGAINST THE SOUTHERN PACIFIC COMPANY FOR THE ASSESSMENT OF OMITTED PROPERTY. —June 19, 1909.

## Commonwealth v. Southern Pacific Co.

Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

SHACKELFORD MILLER, Judge.

Judgment for Commonwealth, and the company appealed to the circuit court, where there was a judgment for it and the Commonwealth appeals.—Reversed.

Taxation—Situs of Property—Ships.—The situs of a ship engaged in the coastwise trade for the purpose of taxation is the domicile of the owner, though it in fact has never been there, and under ordinary circumstances cannot go there, and irrespective of the place of enrollment, except that, where a ship has acquired an actual situs in a state other than the domicile of the owner, it may be there taxed because within the jurisdiction of the taxing authority.

M. J. HOLT and JOSEPH SELLIGMAN for Commonwealth.

HUMPHREY, DAVIE & HUMPHREY for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

The Southern Pacific Company was incorporated by an act of the General Assembly of Kentucky approved March 17, 1884 (Acts 1883-84, p. 725, c. 403). Its principal office is maintained at Beachmont, in

Jefferson county, Ky., near Louisville. It operates an extensive system of railroads and also a line of steamships between New York and New Orleans and Galveston. The particulars of these matters are more fully stated in the opinion this day filed in the case of Southern Pacific Company v. Commonwealth of Kentucky, 120 S. W. 309. This suit was brought by an auditor's agent in the' Jefferson county court in the name of the Commonwealth against the company under section 4241, Ky. St., for the assessment of property omitted from assessment by it for the years 1907 and 1908. The county court on a hearing of the case dismissed the petition as to everything but the steamships; but entered a judgment assessing them for taxation. The company appealed to the circuit court, and there a judgment was entered dismissing the petition absolutely. From that judgment the appeal before us is prosecuted.

The ships are enrolled or licensed from the port of New York, and they ply between New York and New Orleans or New York and Galveston. The question to be determined is: Are these steamships taxable at the domicile of their owner at Beachmont in Jefferson county? They are tangible personal property, and therefore should have been assessed by the assessor of Jefferson county if they are taxable there. The ships, in fact have never been in Kentucky, and' under ordinary circumstances can not come to Beachmont. Yet it is the domicile of their owner, and, if they are taxable at the domicile of their owner, they may be taxed in Jefferson county. In Hays v. Pacific Mail Co., 17 How. 596, 15 L. Ed. 254, the Pacific Mail Company was incorporated by the laws of New York. Its principal place of business was in New York. All of the vessels were registered

in New York, the residence of the owner. It was held that these ships, although plying in the Pacific, acquired no situs in California; that their situs was at the home port, the domicile of the owner.

In St. Louis v. Wiggins Ferry Co., 11 Wall. 423, 20 L. Ed. 193, the boats were owned by an Illinois corporation and plied between a point in Missouri and a point in Illinois. It was held that they acquired no situs in the city of St. Louis; but that their situs was at the domicile of the owner, and that they were taxable in Illinois. In Morgan v. Parham, 16 Wall. 471, 21 L. Ed. 303, the owner of the ship had his domicile in New York, and the vessel was registered at the port of New York, but plied between the ports of New Orleans and Mobile. The court held that the vessel had no situs outside of the domicile of the owner and was assessable at New York, where he resided, although, in fact, it never came there. In Ayer & Lord Tie Company v. Kentucky, 202 U. S. 409, 26 Sup. Ct. 679, 50 L. Ed. 1082, the owner of the boats had its domicile at Chicago. The boats plied in the Ohio and Tennessee rivers. They could not go to Chicago, and they were enrolled at Paducah as their home port. This court held that the owner in enrolling them at Paducah as their home port had given them a situs in Kentucky, and that they were therefore taxable in Kentucky. See Commonwealth ex rel. Lucas v. Ayer & Lord Tie Co., 117 Ky. 161, 77 S. W. 686, 79 S. W. 290, 25 R. 1068. But on appeal to the United States Supreme Court the judgment was reversed, and it was held that these boats were taxable at the domicile of the owner. The court reviewed its previous opinions, and thus stated the rule which it deduced from them: "The general rule has long been settled as to vessels plying between

the ports of different states, engaged in the coastwise trade, that the domicile of the owner is the situs of a vessel for the purpose of taxation, wholly irrespective of the place of enrollment, subject, however, to the exception that, where a vessel engaged in interstate commerce has acquired an actual situs in a state other than the place of the domicile of the owner, it may there be taxed because within the jurisdiction of the taxing authority.''

The case of Old Dominion Steamship Company v. Virginia, 198 U. S. 299, 25 Sup. Ct. 686, 49 L. Ed. 1059, illustrates the exception referred to. In that case, although the domicile of the owner was in New York, the vessels were navigated wholly within the limits of the state of Virginia, and it was held that these vessels had thus acquired a situs in Virginia. But the vessels in controversy here have no situs in New York or New Orleans. They ply in the coastwise trade. They have not been taxed and can not be taxed either in New York, in Louisiana, or in Texas; for they acquire no situs in these states simply by landing to put off or take on a cargo or by remaining in port a few days for this or other temporary purpose. If they are not taxable in Kentucky they are not taxable anywhere. Their owner is a citizen of Kentucky. It derives, not only its existence, but all its powers, from the laws of Kentucky. The ships carry the American flag and enjoy the protection of the laws of the United States, by reason of the fact that their owner is a citizen of Kentucky. Being thus protected by the United States, and their owner enjoying all the privileges which its citizenship in Kentucky confers, these ships should bear their just proportion of the public burden of taxation.

We therefore conclude that the county court properly assessed them for taxation, and that the circuit court erred in holding otherwise. We find no other error in the record.

Judgment reversed, and cause remanded for a judgment as above indicated.

LASSING, J., not sitting.