## City of Henderson v. Barret's Executor, et al.

(Decided March 6, 1913.)

### Appeal from Henderson Circuit Court.

Taxation—Situs of Intangible Personal Property—Power of Legislature to Fix Situs—Constitutionality of Sections 4020 and 4023, Kentucky Statutes, Fixing Situs of Intangible Personal Property at Residence of Beneficial Owner.—The Legislature has the power to fix the situs of intangible personal property for the purposes of taxation, and neither Section 4020, Kentucky Statutes, fixing the situs of such property at the residence of the real or beneficial owner, and not at the residence of the fiduciary or agent, having custody or possession of same, nor Section 4023, providing that an administrator, executor, trustee, committee, curator or agent, residing in the State, shall not be liable for taxes on intangible personal property where the real or beneficial owner of such intangible personal property held by them or any of them, reside outside of the State, is unconstitutional.

JOHN C. WORSHAM for appellant.

YEAMAN & YEAMAN for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

John H. Barret died in Henderson County in the month of July, 1909. His will was probated in that county on August 23, 1909. After making a few specific bequests, he devised all of his property to The Ohio Valley Banking & Trust Company in trust. The conditions of the trust were that the trustee was to manage and control the estate and pay the net income therefrom to the testator's two daughters, Mary Barret Heddens and

Augusta Barret, during their lifetime. Upon the death of either daughter, her share in the estate was to be held by the trustee in trust for her surviving child or children. In the event either daughter died without issue, the interest of the one so dying was to go to the other, if living, and if not living, to her children. The trustee was given the power to change the investments at any time.

The *cestui que* trusts, Mary Barret Heddens and Augusta Barret, are both non-residents of this State. The City of Henderson attempted to assess and collect taxes on certain bonds, stocks and other intangible property which the trustee had in its possession. This action was brought by the Ohio Valley Banking & Trust Company, as executor of John H. Barret, deceased, and as trustee under his will of Mrs. Augusta Barret and Mrs. Mary Barret Heddens, and by Augusta Barret and Mary Barret Heddens, to enjoin the collection of the taxes. It was charged in the petition that Augusta Barret, Mary Barret Heddens and the children of each were non-residents of the State, that they were the beneficial owners of the property sought to be taxed, and that the property in question was not taxable by the city of Henderson. The city's demurrer to the petition as amended was overruled, and the city having declined to answer, the chancellor enjoined the collection of the taxes. The city appeals.

Prior to the amendment of March 23, 1908, Acts, 1908, chapter 47, page 121, section 4020, Kentucky Statutes, read as follows:

"All real and personal estate within this State, and all personal estate of persons residing in this State, and of all corporations organized under the laws of this State, whether the property be in or out of this State, including intangible property, which shall be considered and estimated in fixing the value of corporate franchises as hereinafter provided, shall be subject to taxation unless the same be exempt from taxation by the Constitution, and shall be assessed at its fair cash value, estimated at the price it would bring at a fair voluntary sale."

Section 4020, as amended by the Act of 1908, is as follows:

"All real and personal estate within this State, and all personal estate of persons residing in this State, and of all corporations organized under the laws of this

State, whether the same be in or out of the State, including intangible property, which shall be considered and estimated in fixing the value of corporate franchises as herein provided, shall be subject to taxation unless the same be exempt from taxation by the Constitution, and shall be assessed at its fair cash value, estimated at the price it would bring at a fair voluntary sale: Provided, however, That tangible personal property located and having a taxable situs without the State, of persons residing in this State, and of all corporations organized under the laws of this State, shall not be subject to taxation: And, provided further, That the situs of intangible personal property for purposes of taxation shall be at the residence of the real or beneficial owner, and not at the residence of the fiduciary or agent having the custody or possession of same: Provided further, That nothing herein contained shall in any way affect the liability for franchise taxes now payable by corporations organized under the laws of this State.''

Prior to 1908, Section 4023, Kentucky Statutes, read as follows:

''The holder of the legal title, and the holder of the equitable title, and the claimant or bailee in possession of the property on the fifteenth of September of the year the assessment is made, shall be liable for the taxes thereon; but, as between themselves, it shall be the duty of the holder of the equitable title to list the property and pay the taxes thereon, whether the property be in possession or not at the time of the payment.''

Section 4023, as amended by the Act of March 23, 1908, reads as follows:

''The holder of the legal title, and the holder of the equitable title, and the claimant or bailee in possession of the property on the first day of September of the year the assessment is made, shall be liable for taxes thereon; but, as between themselves, it shall be the duty of the holder of the equitable title to list the property and pay the taxes thereon, whether the property be in possession or not at the time of the payment: ''Provided, however, That an administrator, executor, trustee, committee, curator or agent residing in the State shall not be liable for taxes on intangible personal property, where the real or beneficial owner of such intangible property held by them, or any of them, resides outside of the State; but this exemption shall not apply in the case of an executor or administrator in the exer-

cise of his office as personal representative while the estate of a deceased person is in process of settlement and before the share of the non-resident legatee or beneficiary is set apart to him, or before said legatee is entitled to be paid his share: And provided, That if the property be sold before February 1st of the year in which the taxes are due and payable, then, as between the purchaser and seller, and in absence of any contract to the contrary, it shall be the duty of the purchaser of the property to pay the taxes thereon; and if the property is sold after February 1st in the year in which the taxes are due and payable, it shall be the duty of the seller to pay the taxes thereon.

"And provided further, That this act shall not be retroactive in its effect and shall not affect any taxes now due or for years prior to the passage of this act."

It will be observed that under Section 4020, as amended, the situs of intangible personal property for the purpose of taxation is fixed at the residence of the real or beneficial owner, and not at the residence of the fiduciary or agent having custody or possession of the same, while section 4023, as amended, provides that a trustee residing in this State shall not be liable for taxes on intangible personal property where the real or beneficial owner of such intangible property held by it resides outside of the State. As the beneficial owners of the property in question are all non-residents, and as the property assessed is intangible personal property, it follows that under the express terms of the statutes referred to, the property in question is not taxable in this State.

The only question presented on this appeal is whether or not the provisions of sections 4020 and 4023, Kentucky Statutes, as amended by the Act of March 23, 1908, are constitutional. Sections 170, 171 and 172 of the Constitution read as follows:

Section 170:

"There shall be exempt from taxation public property used for public purposes; places actually used for religious worship, with the grounds attached thereto and used and appurtenant to the house of worship, not exceeding one-half acre in cities or towns, and not exceeding two acres in the country; places of burial not held for private or corporate profit; institutions of purely public charity, and institutions of education not used or employed for gain by any person or corporation, and

the income of which is devoted solely to the cause of education; public libraries, their endowments, and the income of such property as is used exclusively for their maintenance; all parsonages or residences owned by any religious society, and occupied as a home, and for no other purpose, by the minister of any religion, with not exceeding one-half acre of ground in town and cities and two acres of ground in the country appurtenant thereto; household goods and other personal property of a person with a family, not exceeding two hundred and fifty dollars in value; crops grown in the year in which the assessment is made, and in the hands of the producer; and all laws exempting or commuting property from taxation other than the property above mentioned shall be void.''

Section 171:

''The General Assembly shall provide by law an annual tax, which, with other resources, shall be sufficient to defray the estimated expenses of the Commonwealth for each fiscal year. Taxes shall be uniform upon all property subject to taxation within the territorial limits of the authority levying the tax; and all taxes shall be levied and collected by general laws.''

Section 172:

''All property, not exempted from taxation by this Constitution, shall be assessed for taxation at its fair cash value, estimated at the price it would bring at a fair voluntary sale; and any officer, or other person authorized to assess values for taxation, who shall commit any willful error in the performance of his duty, shall be deemed guilty of misfeasance, and upon conviction thereof shall forfeit his office, and be otherwise punished as may be provided by law.''

For appellant it is insisted that as intangible personal property actually in this State is not exempted from taxation by section 170 of the Constitution, it is controlled by the provision of section 172 to the effect that all property not exempted from taxation by this Constitution shall be assessed for taxation at its fair cash value. That being true, the effect of sections 4020 and 4023, as amended, is to exempt property which the Constitution requires to be taxed, and to that extent they are unconstitutional.

In Johnson, Sheriff, v. Bradley-Watkins Tie Co., 120 Ky., 136, a case arising under section 4020, Kentucky Statutes, before the amendment of 1908, the court said:

"And the next sentence, 'all personal estate of persons residing in this State,' shows that the Legislature had in mind the situs of personal property for taxation, and that they determined that personal estate situated in this State, whether belonging to non-residents or residents, should be liable for taxation, and that personal estate of persons residing in this State should be liable for taxation, whether the property be in or out of the State. There is no rule of fiscal law better settled than that it is within the power of the State to tax all property of which it has jurisdiction, whether the owner resides in the State or is a non-resident; that whether such property is taxed or not is a question of legislative intent, and, when the intent to tax is clear, the power to do so is unquestionable."

In the case of Commonwealth v. Northwestern Mutual Life Insurance Company, 32 Ky. L. Rep., 796, there was before the court the right of the Commonwealth to tax notes belonging to a non-resident, secured by mortgages on land in this State, and held by an agent for the purpose of collection. In duscussing the question, the court said:

"While it may be conceded that the Legislature has not the power to select property to be taxed, but under Section 171 of the Constitution must tax alike all property within its territory, yet this court held in Holtzhauer v. Newport, 94 Ky., 396, 22 S. W., 752, that that provision was only declaratory of what the constitutional requirement of this State had always been, although the express language was not contained in former Constitutions. Until the situs of such personal property is changed so as it may be legally within this State, it is not here for the purpose of taxation. The situs of such movable personal property as choses in action is, and at the time of the adoption of the Constitution was, identical with that of the person of the owner. It was not property 'within this State' under the law, and until the law changes the situs, as it may do by legislative enactment, it continues to be property not within this State. Whether the Legislature should make the change is a question of governmental policy, just like it is whether it should create property out of the rights and privileges not now so classed by the law."

And in the case of Higgins v. Commonwealth, 126 Ky., 211, where it was held that under the statutes in force prior to the Acts of 1908, the intangible personal

property of a non-resident beneficial owner could be taxed in the hands of a resident trustee, the court said:

"There is, of course, a marked distinction between what is known as corporal personal property, such as live stock, lumber, or other material, and intangible personal property, like notes, bonds, and other securities. And it is generally recognized that tangible personal property has an actual situs at the place where it is located without respect to the domicile of the owner, whereas the situs of intangible personal property for purposes of taxation depends altogether on legislative enactment, or judicial construction. It does not always follow the beneficial owner; but may be taxed at the place where the person resides who has the control and management of the securities, who lends out the money, collects the interest, and exercises other acts of ownership and control over it, and where it may be said to be permanently located, as much so as if the actual owner resides where it was. For many purposes the domicile of the owner is deemed the situs of his personal property, but this is only a fiction from motives of convenience, and is not of universal application, but yields to the actual situs of the property when justice requires that it should, and is not allowed to be a controlling feature in matters of taxation. Bristol v. Washington County, 177 U. S., 133, 20 Sup. Ct. 585, 44 L. Ed. 701; New Orleans v. Stemple, 175 U. S. 309, 20 Sup. Ct. 110, 44 L. Ed. 174; City of Detroit v. Lewis, 109 Mich. 155, 66 N. W., 58, 32 L. R. A. 439; Price, etc,. v. Hunter, etc. (C. C.) 34 Fed. 355; Finch v. County of York, 19 Neb. 50, 26 N. W. 589, 56 Am. Rep. 741; Redmond v. Rutherford, 87 N. C. 122; In re Jefferson, 35 Minn. 215, 28 N. W. 256; Catlin v. Hull, 21 Vt. 152; Tazewell v. Davenport, 40 Ill. 197.

"We therefore conclude that under the statute notes, bonds, and other securities owned by non-residents, but in the hands of a resident fiduciary or agent, for the purpose of controlling, managing and investing are taxable at the place of his residence. This rule rests upon the ground that the property in the hands of such fiduciary enjoys the protection of the law of the place where he resides, and he is enabled through and under them to protect the property in his case; and such securities should bear their just proportion of the burden of government. With the wisdom or policy of this law we are not concerned. That is a matter to be addressed to the

legislative department of the government. It is suffi-
cient for us to know that the legislature has seen proper
to provide for the assessment and taxation of this spe-
cies of property, and to fix its situs for this purpose."

And in the recent case of Commonwealth v. Camden,
142 Ky. 365, decided February, 1911, the court, after
quoting section 2043, as amended, said:

"Under the statute, no matter where the real or ben-
eficial owner of intangible personal property resides, the
interest in the estate of the decedent to which he is en-
titled while the estate is in the hands of the personal
representative for settlement and before the share of the
beneficiary is set apart to him, or he is entitled to re-
ceive it, is assessable at the place where the personal
representative qualified. But after the interest has been
set apart to the beneficiary, or after the time he is enti-
tled to receive it, then his interest is not subject to taxa-
tion in this State if the beneficiary resides out of the
State. And we should say that the situs of intangible
personal property for taxation as declared in this stat-
ute applies to resident as well as non-resident beneficia-
ries; and that, while the estate is in process of settle-
ment and before the share of the beneficiary is set apart
to him or he becomes entitled to it, it should be listed by
the personal representative at the place of his qualifica-
tion, and not by the beneficiary at his place of resi-
dence."

And as to section 4020, as amended, the court said:

"We think that the paragraph in section 4020 of the
Kentucky Statutes (Russel's St. No. 5912) providing
that the 'situs of intangible personal property for pur-
poses of taxation shall be at the residence of the real or
beneficial owner, and not at the residence of the fiduciary
or agent having the custody or possession of same,' has
reference to a state of case in which the share of the
beneficiary has been set apart to him or he is entitled
to receive it, and not to a state of case in which the estate
including the interest of the beneficiary is in process of
settlement."

We think the rule to be deduced from these cases is:
That ordinary intangible personal property follows the
person of the owner, but that its situs may be fixed by
the Legislature of the State. If the Legislature sees fit
to fix the situs of such property at the residence of the
trustee, it may do so; on the other hand, if it sees fit to
fix the situs at the residence of the beneficial owner, that

power cannot be denied. After providing that the situs of intangible personal property should be fixed at the residence of the beneficial owner, it was but right and proper that the Legislature, to carry out as far as possible the scheme of uniformity, should provide that in the case of a non-resident the same rule should apply. If the Legislature has not the power to fix the situs of intangible personal property at the residence of the non-resident beneficial owner, then for the same reason, it has not the power to fix its situs at the residence of the resident beneficial owner, where his residence is not the same as that of his trustee, for under the latter provision a resident beneficial owner often escapes burdens which he could not escape if his intangible property were taxed at the residence of his trustee. Thus, a trustee may live in a large city. The beneficial owner may live in the country. By fixing the situs of intangible personal property at the residence of the beneficial owner, he escapes the burdens of municipal taxation, although the intangible personal property is actually in the hands of his trustee in the city. We, therefore, think that the only rule that can be applied in such cases is that intangible personal property has no fixed situs in the absence of judicial construction or legislative enactment, and that the Legislature has the undoubted right to fix its situs for the purposes of taxation. While the Constitution provides for the assessment of all property not exempted from taxation, that provision must be read in the light of the generally accepted view, at the time of the adoption of the Constitution, that intangible personal property followed the person of the owner. In other words, the Constitution operates upon all intangible property of which the State has jurisdiction, and whether or not it takes jurisdiction where the beneficial owner lives outside the State, depends upon legislative enactment. Where the Legislature expressly provides that intangible personal property shall be taxed at the domicile of the beneficial owner, and that such property of the non-resident beneficiary shall not be taxed at the residence of his local trustee, the Legislature thereby declines to give the State jurisdiction, and the provisions of the Constitution do not apply. That being true, the statutes in question are not unconstitutional on the ground that they exempt property required by the Constitution to be taxed.

Judgment affirmed.