### Commonwealth, By et al. v. B. F. Avery & Sons.

(Decided March 26, 1915.)

Appeal from Jefferson Circuit Court
(Chancery Branch, Second Division).

Taxation—Situs of Accounts Receivable at Foreign Branches of Domestic Corporation.—A domestic corporation engaged in the manufacture and sale of agricultural implements in Louisville, has selling agencies or branches in cities outside the State, at which separate records and bank accounts are kept for the terri-

Commonwealth v. B. F. Avery & Sons. 829

tory tributary to such branches. In this action the Commonwealth sought to assess the accounts receivable of such selling agencies for taxation; and it is held that as the property sought to be assessed has acquired a taxable situs in the States where the branches are located, it is immune from taxation here.

M. J. HOLT and SCOTT BULLITT for appellants.

TRABUE, DOOLAN & COX for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

B. F. Avery & Sons is a domestic corporation engaged in the manufacture and sale of agricultural implements, and having its home office and manufacturing plant at Louisville. It has branches or selling agencies in Atlanta, New Orleans, Memphis, Dallas and Oklahoma City. At each of these branches, the corporation conducts its business for the particular territory tributory thereto, keeping distinct records of its accounts receivable in such territory, and depositing in local banks the sums of money realized from sales therein.

The Commonwealth by a revenue agent instituted this action in the Jefferson Circuit Court against B. F. Avery & Sons whereby it was sought to assess for taxation the accounts receivable and the moneys on deposit in connection with the selling branches mentioned. Having been unsuccessful in the lower court, the Commonwealth appeals.

1. It is no longer open to dispute that tangible personal property actually present in another state so as to acquire there a situs for taxation, is immune from taxation at the domicile of the owner. D. L. & W. v. Pennsylvania, 198 U. S., 341; Union Ref. Co. v. Kentucky, 199 Ky., 194, 4 Ann. Cas., 493.

And this rule has also been extended to accounts receivable. Commonwealth v. West India Oil Refining Co., 138 Ky., 828, 129 S. W., 301. In the last named case, however, the corporation employed its whole capital outside of this state; but we are unable to see any practical distinction between such state of fact, and that existing in the present case, where the corporation employs only part of its capital in other states. As to that part so employed, there is immunity from taxation in this state.

2. So, the question is presented as to whether these accounts receivable of these selling branches have ac-

quired a taxable situs in the states where those branches are located.

In Commonwealth v. Peebles, 134 Ky., 121, 119 S. W., 774, 20 Ann. Cas., 724, 23 L. R. A. (N. S.), 1130, the court said:

"It has been ruled in many cases both in and out of this state that when money, choses in action or other intangible personal property is in the actual custody of an agent or fiduciary within this state, who manages and controls it by lending it out, investing it, collecting interest and the like, that it is subject to taxation at the place where the agent or fiduciary resides, although the beneficial owners may be non-residents of the State." See also Higgins v. Commonwealth, 126 Ky., 211, 103 S. W., 306, 31 R., 653; Commonwealth v. Kentucky Distilleries Company, 143 Ky., 314, 136 S. W., 1032; Commonwealth v. R. G. Dun & Co., 126 Ky., 108, 31 R., 561, 102 S. W., 859, 10 L. R. A. (N. S.), 920.

In Liverpool Ins. Co. v. Orleans Assessors, 221 U. S., 346, the right was upheld of the Orleans Assessors to tax certain accounts receivable due from policyholders residents of the State of Louisiana to whom time had been extended for the payment of premiums, the insurance company being a foreign corporation engaged in the insurance business in Louisiana.

In Armour Packing Company v. Clark, 124 Ga., 369, 52 S. E., 145, it appeared that the Packing Company was a New Jersey corporation having its principal office in Missouri; that it had a branch in Georgia, and goods were shipped from Missouri to that branch and there sold. It was held in that case that the accounts receivable arising from the sale of the goods by that branch were taxable in Georgia.

In Bluefields Banana Company v. Assessors, 49 La. Ann., 43, 21 So., 627, the Banana Company was a foreign corporation; it had a local agent in New Orleans to whom it sent consignments of fruit, and who sold same and collected the proceeds thereof. In that case the court held that the money on deposit in bank to the agent's credit was taxable in Louisiana.

In People ex rel., Etc. v. Edward & John Burke, Ltd., 77 N. E., 19, 184 N. Y., 275, 121 A. S. R., 840, 12 L. R. A. (N. S.), 905, a corporation having its domicile at Dublin, Ireland, maintained a branch in New York for the sale of its products. In that case it was held that deposits of money in bank and accounts receivable arising from the

transactions had by the branch were taxable in New York.

There can be no doubt, therefore, that the accounts receivable of the B. F. Avery & Sons' Branch selling agencies have a taxable situs in the states wherein those branches are located; and are therefore immune from taxation in this state, the domicile of the owner, under the rule announced in the West India Oil Refining Co. case, *supra*.

We are urged by appellant to overrule that case, but are not inclined to do so.

2. Appellant contends that the court erred in not rendering judgment assessing a number of items of personal property, other than the accounts receivable of the branch agencies, claiming that the description thereof in the original petition was sufficient; and that the answer denied only the amount of money on deposit in banks. In this statement appellant is in error. The answer denied the omission to list for taxation any personal property whatever. No proof being produced in support of the petition, the judgment in the respect complained of, as well as in respect of the accounts receivable of the branch houses, was correct.

Moreover, this case was tried in the circuit court upon a stipulation of facts agreed upon by the parties, and this stipulation contains no mention of the items of personal property which appellant now claims should have been assessed by the judgment. The case apparently was tried in the lower court upon the theory that the only contention was that the accounts receivable of the branches in other states are taxable in this state.

Judgment affirmed.