## Commonwealth, By et al. v. Consolidated Casualty Company.

(Decided May 10, 1916.)

### Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

1. Taxation—Place of Taxation—Bonds.—The fact that bonds are secured by mortgages on Kentucky property and their collection must be enforced in the courts of Kentucky, if suit for enforcement becomes necessary, does not make them subject to taxation therein, if owned by a non-resident.

2. Taxation—Situs For Taxation—Intangible Property of Non-resident.—The rule that intangible property owned by a non-resident

can acquire a situs for taxation in Kentucky if used exclusively in, or accumulated from business done in Kentucky, cannot apply to bonds owned by a non-resident corporation, not held in Kentucky or used exclusively therein and not acquired from business done in Kentucky.

3. Taxation—Situs For Taxation—Intangible Property of Non-resident Corporation.—The fact that the executive office of a non-resident corporation, whose corporate domicile is in another State, is in this State, does not give its intangible property a taxable situs in this State, where such property has acquired a situs for taxation, and is taxed in such other State.

M. J. HOLT and A. SCOTT BULLITT for appellant.

J. VAN NORMAN and JOHN S. KELLY, JR., for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This is an appeal from a judgment of the Jefferson circuit court, chancery branch, second division, dismissing a proceeding instituted by the appellant, Commonwealth of Kentucky by D. L. Hardesty, revenue agent, against the appellee, Consolidated Casualty Company, to assess for taxation for the years 1910, 1911, 1912 and 1913, $60,000.00 of bonds secured by mortgage on real estate in the city of Louisville and Jefferson county, of which the latter was alleged to be the owner and in the possession. Although it was sought in the same proceeding to assess for taxation other personal property, consisting of cash on hand and in banks, owned by appellee, and its office furniture and fixtures, no complaint is made because of the dismissal of the proceeding as to these items, it being admitted that they had been assessed and the tax paid thereon by appellee for the years in question.

Appellee was incorporated under the laws of the state of West Virginia and is engaged in personal, accident, health and indemnity insurance business in many of the United States, including the State of Kentucky. Its home office is at Charleston, West Virginia, but its executive office in the city of Louisville, this State. However, at the time the bonds were purchased by appellee its executive office was also in Charleston, West Virginia, and immediately following their purchase the bonds were taken to West Virginia and deposited with the auditor or insurance commissioner of that State, as required by a law thereof, where they have ever since remained. It appeared that the bonds were purchased

with money derived from the sale of appellee's capital stock and not from premiums or profits derived in the course of business. The above facts, if not admitted by appellant, were fully shown by the evidence introduced in appellee's behalf, which appellant made no attempt to contradict.

It is contended by appellant that these bonds have a taxable situs in the State of Kentucky for the reasons: First, that the property receives the protection of the laws of Kentucky, because secured by mortgage on real estate therein, which, if enforced, must be by suit in a Kentucky court; second, because the executive office of appellee is in the latter State and its officers reside therein, which makes its business a domestic business, taxable in the latter State.

The first ground urged in support of this contention is untenable. The fact that the bonds are secured by mortgage on Kentucky property and their collection must be enforced in the courts of Kentucky, if suit for that purpose should become necessary, does not make them subject to taxation therein, if owned by a non-resident. In Commonwealth, By Etc. v. N. W. Mutual Life Ins. Co., 32 R. 796, the proceeding was instituted under section 4241, Kentucky Statutes, to procure a listing by the Northwestern Mutual Life Insurance Company of its notes and other choses in action representing loans made by it and secured by mortgages on lands in this State or by pledge of policies of insurance or other collateral, which were alleged to be in the hands of an agent of the company resident in this State and when collected were reloaned in this State. It was not claimed that the money was sent to Kentucky to be loaned out, but that it merely loaned certain money to people residing in Kentucky and took from them notes and mortgages evidencing the indebtedness, the same being kept at the company's office in Kentucky, presumably for purposes of collection when due. It was held, however, that though the situs of such personal property as choses in action may be fixed by statute at a different place than the residence or person of its owner, it had not been so fixed by section 4241, Kentucky Statutes, which only declares that "all real and personal estate within this State, and all personal estate of persons residing in this State," etc., shall be taxable under the laws of this State. In the opinion it is said:

"Under that statute this court has uniformly held
that mere choses in action, although representing debts
owing by persons in this State, were not taxable here if
the owner's domicile was elsewhere. (Commonwealth
v. Haggin, 30 Ky. Law Rep. 788; Callahan, Sheriff v.
Singer Mnf. Co., 29 Ky. Law Rep. 123; Baldwin v.
Shine, 84 Ky. 512; Covington v. Wayne, 22 K. Law Rep.
826; City of Frankfort v. Fidelity Trust Co., 111 Ky.
667; Aetna Life Ins. Co. v. Coulter, Auditor, 115 Ky.
787). While this court has been thus construing the
language of the statute, the Legislature has several
times remodeled the revenue statutes of the State, yet
it has never evinced a purpose to reach out after that
peculiar class of property, which has been the subject
of all these decisions, but has employed always sub-
stantially the same language in designating the property
to be taxed, thus indicating a purpose not to change the
rule. While it may be conceded that the Legislature
has not the power to select property to be taxed, but,
under section 171 of the Constitution, must tax alike all
property within its territory, yet this court held, in
Holtshauer v. Newport, 94 Ky. 396, that that provision
was only declaratory of what the constitutional require-
ment of this State had always been, although the express
language was not contained in former constitutions.
Until the situs of such personal property is changed so
as it may be legally within this State, it is not here for
the purposes of taxation. The situs of such movable
personal property as choses in action is, and at the time
of the adoption of the Constitution, was identical with
that of the person of the owner. It was not property
'within this State' under the law, and until the law
changes the situs, as it may do by legislative enactment,
it continues to be property not within this State.
Whether the Legislature should make the change is a
question of governmental policy, just like it is, whether
it should create property out of rights and privileges
not now so classed by the law."

So, after all is said, the only proper situs of a mort-
gage debt for taxation is the domicile of the owner, un-
less made different by statute. A mortgage being a
mere chose in action, it only confers upon the holder or
person for whose benefit the mortgage is given, a right
to proceed against the property mortgaged, upon a
given contingency, to enforce by its sale the payment

of his demand, and such right has no locality or venue for taxation independent of the person in whom it resides. It may undoubtedly be taxed by the State where held, if such State is by statute made the situs thereof for taxation, but until this is done it is not subject to taxation therein. We do not overlook the fact that it was held in Commonwealth v. Dunn & Co., 126 Ky. 108, that intangible property owned by a non-resident could acquire a situs for taxation in Kentucky if used exclusively in, or accumulated from business done in, Kentucky, but the rule announced in that case cannot apply here, because the bonds sought to be taxed are not held in Kentucky or used by appellee exclusively therein, nor were they acquired from business done in Kentucky. On the contrary, as previously remarked, they were admittedly purchased by appellee with money derived from the sale of its stock, when its executive office was in West Virginia, and immediately placed on deposit with the auditor or insurance commissioner of that state, in whose custody they have since remained. If appellee were a domestic corporation, the fact that the bonds are held in another State would not necessarily exempt them from taxation in this State, but as it is not a domestic but a foreign corporation, and the bonds have not been held in this State, used exclusively therein or accumulated from business done in the State, it cannot be said to have a taxable situs therein. In other words, the property sought to be taxed here consists of bonds that represent one isolated loan made by appellee at a time when even its executive office was not in the State and the money loaned had not been accumulated from business done in the State. There is a manifest distinction between taxing the average capital invested by a non-resident in business carried on in a particular State and the taxation of isolated credits due to a non-resident.

If right in the conclusion we have expressed, it can not be true that the fact that the executive office of appellee is in Kentucky or that its officers reside therein gives its intangible property a taxable situs in the State. It appears from the record before us that appellee has been regarded and treated by the State of Kentucky as a foreign corporation, by collecting from it a license tax on business done by it in Kentucky, which is not collected from domestic corporations, and it has made itself amenable to the laws of the State by such

acceptance of the provisions of its constitution as are required of a non-resident or foreign corporation. While its chief or executive office is in Kentucky, it has not abandoned its corporate domicile in West Virginia. Its stockholders still statedly meet as required by its articles of incorporation, in the city of Charleston in that State for the election of directors and attention to such other matters as are necessary to the maintenance of its corporate existence, and it cannot remove its corporate residence from that State to this without ending its corporate life, for, as said in Newport & Cincinnati Bridge Co. v. Wooley, 78 Ky. 573:

"A corporation cannot have two domiciles or residences at the same time. (Bank of Augusta v. Earle, 13 Peters 521). It obtains a residence not by its own act, but by legal authority which fixes the requisites of residence; and it retains a residence so long as its legal existence lasts in the State whence it received it."

That the bonds sought to be taxed in this State are taxable in West Virginia is, we think, free from doubt. Not only is West Virginia the legal domicile of appellee, the owner, but the bonds are in that State, in the custody of its officers, and have not been elsewhere since they became the property of appellee. Indeed, it appears from the record that they were taxed in that State for each of the years they are sought to be taxed here, and it would have been legally impossible for appellee to have successfully resisted the assessment and collection of such taxes upon the ground that the bonds were not liable to taxation there because of its having removed and set up its chief or executive office in the State of Kentucky.

In Southern Pacific Ry. Co. v. Commonwealth, 134 Ky. 417, the railroad company, which, though incorporated under the laws of Kentucky, neither owned nor operated any of its lines of railroad therein, had paid the tax assessed upon what office furniture and other tangible property it had in the State, but resisted the assessment and collection by the State of a tax upon certain steamships it owned and operated between New York and New Orleans and New Orleans and Galveston, on the ground that their situs for taxation was not in Kentucky. In rejecting that contention we held that as the legal domicile of the railroad company was in this State, that fact fixed the situs of the vessels for the pur--

pose of taxation in this State. In so holding, however, we called attention to the rule announced in Ayer & Lord Tie Co. v. Kentucky, 202 U. S. 409, that where a vessel engaged in interstate commerce has acquired an actual situs in a State other than the place of the domicile of the owner, it may there be taxed, because within the jurisdiction of the taxing authority. The judgment of this court in the case, *supra,* was affirmed by the Supreme Court of the United States. Southern Pacific Ry. Co. v. Kentucky, 222 U. S. 63.

In the instant case not only is the corporate domicile of the appellee, owner of the bonds, sought to be taxed, in West Virginia, but in addition, they had acquired an actual situs in that State for the purpose of taxation and the tax on same had there been paid for each of the years they are sought to be taxed in this State.

Judgment affirmed.