## American Barge Line Co. v. Board of Sup'rs of Tax of Jefferson County et al.

(Decided Dec. 16, 1932.)

574

BLAKEY, DAVIS & LEWIS, and TRABUE, DOOLAN, HELM & HELM, and JAMES W. STITES for appellant.

HARRIS W. COLEMAN, and S. L. GREENBAUM, BAILEY P. WOOTTON, Attorney General, and S. H. BROWN, Assistant Attorney General, for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

The American Barge Line Company was incorporated in the state of Delaware. Its business consisted in the transportation of heavy freight by barges on the waters of the Mississippi and Ohio rivers. The barges and the steamers by which they were towed were owned by the company. They moved from place to place, as business required, along the navigable waters from the vicinity of Pittsburgh to New Orleans. As compensation for services rendered in the transportation of freight, the company had on its books uncollected accounts against its customers. The value of the boats and barges owned on July 1, 1928, was $250,000, and the face value of the open accounts was $30,000. The company had offices in Pittsburgh, Cincinnati, Louisville, Memphis, New Orleans, and Chicago. All the business was cleared or accounted for through the Louisville office in charge of a vice president, and payment of bills due it were received, but not kept, there. Louisville was the place where the business was principally managed, and may be regarded as the chief executive office of the company. But the character of the business was such that the other offices had important functions to perform. The property consisted of boats, barges, and accounts receivable, arising from the services rendered by the boats and barges, and originating from the terri-

tory where the various offices were maintained. The board of tax supervisors of Jefferson county assessed all the property for taxation upon the values already stated. The assessment was affirmed on appeal to the quarterly court, and again on appeal to the circuit court. The company has prosecuted an appeal to this court, insisting that the property is not taxable in Kentucky.

The theory of the commonwealth is that the actual, as distinguished from the corporate, domicile, is in Louisville, Jefferson county, because the business of the corporation is mainly managed and conducted from that point; and that as a consequence all of its personal property, tangible and intangible, which has not acquired a situs elsewhere, is taxable in Jefferson county, Ky. Notwithstanding the power of a state to fix within its borders the place where the property of a corporation shall be taxed, the domicile of a corporation is in the state where it was incorporated, and it has no power to migrate. 1 Thompson on Cor. (2d Ed.) sec. 490 et seq.; 1 Cook on Cor. (2d) sec. 1; 1 Cyclopedia of Corporations, 9293; Newport & Cin. Clark & Marshall, Private Cor. sec. 114; 8 Fletcher, Bridge Co. v. Woolley, 78 Ky. 523; Commonwealth v. Consolidated Casualty Co., 170 Ky. 103, 185 S. W. 508; Commonwealth v. Southern Pacific Co., 134 Ky. 417, 120 S. W. 311, 20 Ann. Cas. 965; Boyer v. Northern Pacific R. Co., 8 Idaho, 74, 66 P. 826, 70 L. R. A. 691; New York Life Ins. Co. v. Pike, 51 Colo. 238, 117 P. 899; Cook v. Hager, 3 Colo. 386; Boston I. Co. v. Boston, 158 Mass. 461, 33 N. E. 580; Bergner, etc., Co. v. Dreyfus, 172 Mass. 154, 51 N. E. 531, 70 Am. St. Rep. 251; Merrick v. Van Santvoord, 34 N. Y. 208; Bank of Augusta v. Earle, 13 Pet. 521, 10 L. Ed. 274; Southern Pacific Co. v. Kentucky, 222 U. S. 63, 32 S. Ct. 13, 56 L. Ed. 96; Shaw v. Quincy M. Co., 145 U. S. 444, 12 S. Ct. 935, 36 L. Ed. 768; Seaboard Rice Milling Co. v. Chicago, R. I. & P. Ry. Co., 270 U. S. 363, 46 S. Ct. 247, 70 L. Ed. 633; Southern R. Co. v. Allison, 190 U. S. 326, 23 S. Ct. 713, 47 L. Ed. 1078; St. Louis & S. F. Ry. Co. v. James, 161 U. S. 545, 16 S. Ct. 621, 40 L. Ed. 802. The operation of boats and barges over a large territory, transporting property on navigable streams, did not fix or establish a taxable situs of the water craft at any particular point away from the domicile of the owner. It is not shown when or where any of the

barges were in Kentucky, or that they did more than move along the streams stopping to pick up or to unload freight at various points. No attempt was made to bring the case within the principle of the decisions which authorize the local taxation of property engaged even in interstate commerce in so far as the property employed has acquired an actual permanent situs within the local jurisdiction. City of Covington v. Pullman Co., 121 Ky. 218, 89 S. W. 116, 28 Ky. Law Rep. 199; Baltimore & O. S. W. Ry. Co. v. Com., 177 Ky. 566, 198 S. W. 35; Ayer & Lord Tie Co. v. Kentucky, 202 U. S. 409, 26 S. Ct. 679, 50 L. Ed. 1082, 6 Ann. Cas. 205.

The commonwealth planted its claim solely on the supposed change of domicile from Delaware to Louisville, and sought to apply the mobilia maxim by taxing the boats and barges at the assumed domicile in Louisville instead of at the corporate domicile in Delaware. But since the domicile of the corporation was not changed, the whole theory of the commonwealth falls to the ground. Ayer & Lord Tie Co. v. Keown, Sheriff, 122 Ky. 580, 93 S. W. 588, 29 Law Rep. 110, 400; Commonwealth v. Consolidated Casualty Co., 170 Ky. 103, 185 S. W. 508; Southern Pacific Co. v. Kentucky, 222 U. S. 63, 32 S. Ct. 13, 56 L. Ed. 96. In considering and applying the older authorities (Bingham's Adm'r v. Com., 199 Ky. 402, 251 S. W. 936; Commonwealth v. West India Oil Co., 138 Ky. 828, 129 S. W. 301, 36 L. R. A. (N. S.) 295; Fidelity & Col. Trust Co., Ex'r, v. City of Louisville, 245 U. S. 54, 38 S. Ct. 40, 62 L. Ed. 145, L. R. A. 1918C, 124; Commonwealth v. Avery & Sons, 163 Ky. 828, 174 S. W. 518), attention must be directed to the later decisions of the Supreme Court of the United States which radically modify the reasoning and results of the earlier opinions. Farmers' Loan & Trust Co. v. Minnesota, 280 U. S. 204, 50 S. Ct. 98, 74 L. Ed. 371, 65 A. L. R. 1000; Baldwin v. Missouri, 281 U. S. 586, 50 S. Ct. 436, 74 L. Ed. 1056, 72 A. L. R. 1303; First National Bank v. Maine, 284 U. S. 312, 52 S. Ct. 174, 76 L. Ed. 313. Plainly there is nothing in this record to justify the judgment assessing the boats and barges for taxation in Kentucky. The same principle equally excludes the open accounts from taxation in this state, unless they have established a business situs therein. Taxation is an intensely practical affair, and when capital is utilized to establish and maintain a local business of a permanent, as distinguished from

a transitory character, which is managed and protected locally, it takes on the character of a local business, regardless of foreign ownership, and is treated as having a taxable situs in such locality. The credits extended to customers in the present instance constituted a mere incident of the main business of the corporation. They were uncollected charges for services rendered by the boats and barges in transporting freight. They acquired no separate situs for any purpose. No capital was invested or reinvested in the accounts, or employed in the local jurisdiction. The accounts resulted from the major activity. The right of the creditor to collect from its debtors did not bring the debts within the state of Kentucky in any such form or substance as to give them a taxable situs. Cleveland, P. & A. Ry. Co. v. Pennsylvania, 15 Wall. 300, 21 L. Ed. 179; Kirtland v. Hotchkiss, 100 U. S. 491, 25 L. Ed. 558; New Orleans v. Stempel, 175 U. S. 309, 20 S. Ct. 110, 44 L. Ed. 174; Bristol v. Washington County, 177 U. S. 133, 20 S. Ct. 585, 44 L. Ed. 701; State Board of Assessors of Parish of Orleans v. Comptoir Nat., 191 U. S. 399, 24 S. Ct. 109, 48 L. Ed. 232; Liverpool & London & Globe Ins. Co. v. Board of Assessors, 221 U. S. 346, 31 S. Ct. 550, 55 L. Ed. 762, L. R. A. 1915C, 903. Assuming that the precedents just cited will be adhered to by the Supreme Court (cf. Beidler v. South Carolina Tax Commission, 282 U. S. 1, 51 S. Ct. 54, 75 L. Ed. 131), and accepting them to the limit of their logic, we get no farther than to recognize the principle that choses in action may acquire a taxable situs apart from the domicile of their owner, if they become integral parts of some local business. The doctrine, however, has no application to accounts receivable arising from a far-flung business, as distinguished from a local activity which involves the investment, re-investment, and management of capital assets and earnings at some permanent place. In order to create a business situs for the purpose of local taxation, something more must be shown than the mere presence of the account books and records in the state or the collection of charges for services performed elsewhere by the owner. Cases cited supra. Commonwealth v. R. G. Dunn & Co., 126 Ky. 108, 102 S. W. 859, 31 Ky. Law Rep. 561, 10 L. R. A. (N. S.) 920; Commonwealth v. Northwestern Mutual Life Ins. Co., 107 S. W. 233, 32 Ky. Law Rep. 796; Commonwealth v. Avery & Sons, 163 Ky. 828, 174 S. W. 518; City of Henderson

v. Barret's Executor, 152 Ky. 648, 153 S. W. 992; Commonwealth v. Ky. Distilleries & Warehouse Co., 143 Ky. 314, 136 S. W. 1032; Frick v. Pennsylvania, 268 U. S. 473, 45 S. Ct. 603, 69 L. Ed. 1058, 42 A. L. R. 316.

In the case of Beidler v. S. C. Tax Commission, 282 U. S. 1, 51 S. Ct. 54, 55, 75 L. Ed. 131, the Chief Justice said:

"But a conclusion that debts have thus acquired a business situs must have evidence to support it, and it is our province to inquire whether there is such evidence when the inquiry is essential to the enforcement of a right suitably asserted under the federal Constitution.

"In the present case, beyond the mere fact of stock ownership and the existence of the indebtedness, there is no evidence whatever, having any bearing upon the question, save a copy of the decedent's account with the corporation, taken from his books which were kept by him in his office at Chicago. The various items of debit and credit in this account, in the absence of any further evidence, add nothing of substance to the fact of the indebtedness as set forth in the agreed statement and afford no adequate basis for a finding that the indebtedness had a business situs in South Carolina."

In the present case it appears simply that the appellant had accounts against various customers which appeared upon its books on the assessment date. The domicile of the debtors, or the place where the credits were earned, are not shown, and nothing appears to localize the accounts. The absence of evidence to bring the accounts receivable within the purview of the cases which sustain taxation on the basis of a business situs is fatal to any argument predicated upon the assumption of such a situs.

Summarizing our conclusions, it must be held that the domicile of the corporation is in the state of Delaware where it was incorporated. Its personal property did not acquire a business situs in Kentucky. It operated boats and barges over a large territory upon navigable waters, transporting by contract the property of its customers. Its charges for the services were entered upon its books as open accounts, to be collected in due course and used in the business. It is not shown

when or where the boats and barges were in Kentucky or that they had acquired any particular habitation apart from the owners' domicile. The idea of location in Kentucky is rebutted by the nature of the business and the domain of its operations. In such situation neither the tangible property nor the open accounts were within the jurisdiction of the state, or subject to its power of taxation.

The judgment is reversed, for proceedings not inconsistent with the opinion.

Whole court sitting.