## Hyden v. Breathitt County Board of Supervisors.

(Decided June 14, 1932.)

E. C. HYDEN for appellant.

A. M. RUSSELL for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN —Affirming.

The appellant, E. C. Hyden, assessed for state and county taxes the real estate he owned in the city of Jackson in Breathitt county as of July 1, 1930, in the sum of

$2,000. The board of supervisors of Breathitt county, at its session in March, 1931, after its members had personally viewed the property, tentatively raised that assessed valuation to $3,500. The board then served notice of its action upon the appellant, who appeared before the board at the time and place set out in the notice for the hearing on the proposed raise. The appellant introduced no evidence before the board, and the board accordingly made its tentative raise final. The appellant then appealed from this action of the board of supervisors to the Breathitt quarterly court, which, after a hearing solely on the facts as above set out, dismissed the appeal. The appellant again appealed to the Breathitt circuit court, where the case was submitted solely on a stipulation of the facts as above set out. The Breathitt circuit court likewise dismissed the appeal of appellant, and now Hyden appeals to this court.

He insists that the board of supervisors was without power to raise the assessment which he had given in to the county assessor without hearing proof and producing witnesses whom the appellant might cross-examine, and in support of that position he relies on so much of section 4120 of the Statutes as reads:

"The board of supervisors shall make a careful examination of the assessor's books and each individual list thereof, and may increase or decrease any list; but the board shall not reduce or raise any assessment unless the evidence be clear and unmistakable that the valuation is not a fair cash value."

On the other hand, the appellee contends that it is not mandatory upon the board to produce witnesses to sustain its action in a tentative raise or reduction, but that it may base the same upon the knowledge of the members of the board as to the fair cash value of the property in question, and if the property owner fails, as here, to produce evidence to show that the tentative raise is not justified by the facts may make such tentative raise final. To support that position the appellee cites, first, section 4115 of the Statutes, which provides for the qualifications of these county boards of supervisors and which in part requires that the members of such boards shall be intelligent, discreet housekeepers and owners of real estate residing in different portions of the county; secondly, section 4117 of the Statutes, which in substance

provides that the members of these boards must be sworn to faithfully discharge their duties and to raise or decrease the assessed value of property where is has not been assessed at its fair cash value; thirdly, section 4123 of the Statutes, which provides that the board in determining the value of property may summon witnesses and require them to testify, it being argued that the word "may" is permissive and not mandatory.

We are persuaded that the position of the appellee is sound. Reading the various sections of the Statutes together, we find that the board of supervisors is composed of owners of real estate who come from different sections of the county and who are sworn to faithfully discharge the duties of their office and who are required to increase or decrease any assessment which they are of the opinion does not represent the fair cash value of the property. When the property owner is notified of a tentative raise or reduction in his assessment, he is thereby informed that in the opinion of the board the assessment which the property owner has turned in does not represent the fair cash value of the property. He may not presume that the board acted arbitrarily, but must assume that it acted at least upon the information the members had concerning the value of the property in dispute. It then devolves upon the property owner, if he feels aggrieved, to produce evidence to convince the board of its error, and if he fails to so convince them, he has a full remedy by appeal to the quarterly court, and thence to the circuit court where, on the trial de novo, the question of value must be determined and where witnesses both pro and con must be produced. The appellant did not avail himself in this instance of his right to require evidence as to the value of the property to be heard either in the quarterly or circuit court, but chose to rest solely on his contention that the board could not from its own knowledge as to the value of his property raise the assessment thereof. In this he is in error. His argument that to so hold would be to deprive him of a constitutional right to be confronted with witnesses against him, with the consequential opportunity of cross-examining them, is without merit because, as is so well settled, conceding arguendo he had a right to be confronted with the witnesses against him and to cross-examine them, yet if at any stage in the proceeding it is provided that the taxpayer may see the witnesses against him and cross-examine them, the requirement of due

process of law is fully met. Unquestionably the taxpayer has such an opportunity in the hearings on appeal in the quarterly and circuit courts. Cf. 12 C. J. 1241.

The judgment is affirmed.