## Reeves, Com'r, et al. v. Service Lines, Inc.

May 15, 1942.

Hubert Meredith, Attorney General, and H. Appleton Federa, Assistant Attorney General, for appellants.

William Armstrong for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On April 17, 1941, the appellee and plaintiff below (a Tennessee corporation) filed this action in the Franklin circuit court against H. Clyde Reeves, Commissioner of the Department of Revenue for the Commonwealth, and the Auditor of Public Accounts, seeking to enjoin the collection of ad valorem taxes on a franchise valuation for the years 1935, 1936, 1937 and 1938, which the Department of Revenue had assessed against plaintiff pursuant to the provisions of sections 4077 et seq. of Baldwin's 1936 Revision of Carroll's Kentucky Statutes. The petition averred that plaintiff's home office was in Nashville, Tennessee, the state in which it was incorporated, and that it operated a motor truck line between the cities of Nashville, Tennessee, and St. Louis, Missouri, by which it transported freight between those termini, but did not transact any business enroute in any of the states through which its trucks passed. On the contrary, it averred that under some federal regulation (its transportation being interstate) it was required to and did lock its loaded trucks before starting on a journey, and they remained so until reaching their destination at the other end of the line.

In making the trips it traveled over about 75 miles of public highway in the state of Kentucky between a

point opposite Shawneetown, Illinois, to Guthrie, Kentucky, between which points, and along which route in this commonwealth, no freight of any character was either loaded or unloaded into or from any of the trucks, and that the only transaction engaged in along such route was an occasional purchasing of gas for power purposes. Plaintiff further averred that it had paid all of the statutory privilege taxes of every kind and description which were levied by any statute in this commonwealth for the right to operate its trucks over the state's public highways, and it filed receipts showing such payments as a part of its petition. Defendants demurred generally thereto, which the court overruled, and upon their declining to plead further judgment was rendered declaring the rights of the parties (the petition being filed under our Declaratory Judgment Statute, Civil Code of Practice, Section 639a-1 et seq.) and enjoining the collection of the already assessed franchise tax for the years indicated. It likewise enjoined the continued assessment of such a tax for the years in the future, which, of course, was upon the theory that the facts continued to remain the same. From that judgment defendants prosecute this appeal, urging two grounds as reversible errors—(1) that the court erred in holding that the facts did not authorize a finding that plaintiff was subject to the payment of an ad valorem tax on a property franchise, and (2) that under the provisions of section 4114h-5 in Baldwin's 1939 Kentucky Statutes Service the taxpayer's remedy for relieving himself of an unauthorized burden, placed upon him by the assessment made by the State Tax Commission, is set out, and that such procedural remedy is exclusive and must be followed; from which premise it is insisted that since plaintiff did not invoke such statutory procedure as outlined in that section, it is now without remedy and can not maintain this independent equity action. The two grounds will be disposed of in the order named.

1. At the outset the authority conferred upon the State Revenue Commission, to assess and value the intangible ad valorem tax item of property, called a "franchise", is purely administrative, with no judicial authority (even if it could be so vested) except, perhaps, what might be involved, if any, in the determination of the facts upon which the assessment should or should not be made. Therefore, if the facts are in dispute the board

has the authority to determine them according to its appraisement of the evidence before it, which in this instance usually consists of a report made to it by the one against whom the tax is sought. After finding the facts —furnishing a just and legal basis for it as the incubator to hatch out the taxable item (franchise)—it may do so within the authority conferred upon it. Therefore, when it proceeds in the process of hatching out the taxable item in accordance with such conferred authority, it can scarcely be doubted but that the taxpayer after receiving notice of the assessment should follow the procedural steps outlined in the statute, and which is established by a number of cases cited in brief for appellants, and which the brief on behalf of appellee admits. But the question is, whether or not the outlined situation is the one presented by this record?

In determining that question first ·consideration should be given to the phraseology of Section 4114h-2 of the statutory service edition supra in defining the functions of the Department of Revenue, which, in substance, is that it shall exercise all the powers and perform all of the duties "with reference to assessment or equalization of the assessment of property *heretofore* exercised or performed by any State Board or commission." (Our emphasis.) That statute was enacted on July 9, 1938, at the first extraordinary session for that year. Its predecessors were parts of Sections 4077, 4079 and 4081 (the latter relating to interstate carriers) of the 1936 Revision of Carroll's Kentucky Statutes, and which authorized and empowered such preceding assessing authority to assess and fix the valuation of the property assessed, and if the valuation was incorrect and the taxpayer desired to *change* it he was required to travel the procedure outlined in the statute. So that, at the time of the filing of this action the State Revenue Department, as the successor to prior similar agencies in the functions to be performed by other preceding boards and commissions, was authorized to do the same thing they were authorized to perform, which was to assess property which had been omitted from assessment, and to fix the value thereof. That duty necessarily implied that there was such an item of property in existence at the time the board or commission acted in assessing it, and the language conferring upon it ·the authority it may exercise nowhere implies that it possesses any authority or jurisdiction to assess an item of property against an

alleged taxpayer when under the law there is no such property to be assessed against any one.

A secondary question is, therefore, presented and which is, whether under the facts stated in the petition —and which the demurrer admits to be true—birth may be given to the intangible item of property complained of in this case, and which suggests the inquiry as to when and under what conditions may such taxable franchise arise. In the case of Commonwealth v. Lee Line Company, 159 Ky. 476, 167 S. W. 409, it was held that the owner of a line of steam boats navigating the Ohio river (which, however, was not a highway maintained by the state) and owning no property within the state—but touching at points to receive and deliver freight along the route of transportation—could not be required to pay a franchise ad valorem tax, since under the statute the facts concerning the activities of the alleged taxpayer were not suffcient to charge it with such an intangible taxable item as property belonging to it, and which, in effect, was a decision by this court that "there was no such animal," in that case.

The same was also held by us in the case of Baltimore & O. Railroad Company v. Commonwealth, 177 Ky. 566, 198 S. W. 35; but in that case it was held that the tax payer (Railway Company) did own some property in this state which it devoted to the conducting of its carrier business, and that it was, therefore, liable for a proportionate part of its franchise, to be determined by the amount of business transacted through and by its local holdings as compared with that transacted throughout the system. The same principle was recognized with approval in the cases of Bosworth v. Evansville and Bowling Green Packet Company, 178 Ky. 716, 199 S. W. 1059; Kentucky and West Virginia Power Company v. Tolbert Holliday, Sheriff, 216 Ky. 78, 287 S. W. 212, 214 Ky. 339, 283 S. W. 119, 49 A. L. R. 1091. In the syllabus of the last opinion, which coincides with its text, it is stated: "8. Constitutional and statutory provisions requiring all real and personal property within the state to be subject to taxation will not be construed to include property which has no situs for taxation within the state. 10. A foreign corporation owning no property and doing no business within a state is not subject to a franchise tax there."

The same principle was acknowledged to be correct

in the two later cases of Blue Coach Lines v. Lewis, 220 Ky. 116, 294 S. W. 1080, and State Tax Commission v. Central Greyhound Lines, 252 Ky. 300, 67 S. W. (2d) 35. See, also, Consolidation Coal Company v. Martin, 6 Cir., 113 F. (2d) 813. However, we have held in some cases —one of which is the Greyhound Lines case, supra— that a fixed number of units of taxable property, such as transportation vehicles, may be given a permanent situs in this jurisdiction for the purposes of ad valorem taxation, although none of the units become permanently located herein. In such cases, however, we held that the facts disclosed that an average number, which was authorized to be taxed, were in the state continuously, and because of that fact the owner of them and who devoted them to such purpose, would be liable for a franchise tax, since he possessed permanently employed property within this jurisdiction in the prosecution of his or its business. We could cite text authorities sustaining the same general proposition that a franchise item of property for ad valorem taxation may not be created nor does not exist when no property is possessed within the jurisdiction by the alleged taxpayer, nor any business transacted therein. It, therefore, indisputably appears that the alleged franchise assessed against plaintiff in this case was a myth and its purported assessment by the department which it was authorized to do only upon a finding of the essential facts supra constituted an arbitrary action on its part and one clearly beyond its jurisdiction and, therefore, void.

2. Abundant authority could be cited to show that a void assessment of property may be enjoined by the taxpayer, on the ground that to compel him to pay the illegal tax would violate the provisions of both the federal and state constitutions by taking his property without due process of law. It would, therefore, appear that if our statutes had expressly stated that the finding of the board as to the existence of such taxable property, regardless of supporting facts, should be final and conclusive, or that an enacted statutory procedure should nevertheless be followed in order to obtain correction, such provisions could not be upheld when the complaint was directed to wholly void and illegal action on the part of the assessing agency, brought about by arbitrary action in exceeding its authority. At the time of the rendition of our opinions in the cases of Gray, Sheriff, etc., v. R. J. Reynolds Tobacco Company, 200 Ky. 47, 252

S. W. 134, 136; Commonwealth v. Union Pacific Railroad
Company, and the Tolbert cases supra, the statutory
remedial provisions were incorporated by our then ex-
isting statute, but because the actions involved in those
cases were wholly unauthorized by the assessing author-
ity they were held to be void and in each of them the tax-
payer did not follow the statutory proceeding, but filed
an independent suit to enjoin the collection of the void
tax.

Such was the situation presented in the Gray case
supra, involving the question of statutory exemptions
from tax where the facts were undisputed. The assess-
ment disallowed the exemption and attempted to charge
the owner of the property with the amount of the ad
valorem levy against it—thus ignoring the exemption
from taxation of the property involved.

The taxpayer filed his independent action to relieve
himself of the burden so imposed upon him and in which
he was successful. In the course of the opinion we said:
"Indeed the cases themselves expressly recognize the
right of the taxpayer to invoke the aid of an equity tri-
bunal in all cases where the tax sought to be collected is
illegal, and such as the taxing authority has no power
to collect." Our investigation of the question has led to
the discovery of some opinions apparently holding to the
contrary, but when critically examined the apparent
holding is illusory because of the fact that the writer of
the opinion failed to distinguish between "void" and
"voidable," and appears to have employed them indis-
criminately as though they were synonymous. In each
case where such misapplication of the two words appears
there was no contention of total invalidity, since the
criticised action of the administrative board was clearly
within its authority and the only complaint was excessive
valuation, or some other error committed within the ex-
ercise of statutory authority. It is, therefore, concluded
that alleged error (2) by which this action was sought to
be abated by defendants—because of a failure on the
part of plaintiff to follow the procedural remedies enact-
ed by the statute—must be disallowed for the reasons
stated, and that its right to maintain the action, in the
circumstances revealed by the record, should be and it
is sustained.

Summarizing, our conclusions are (a) that under
the facts of this case plaintiff was not the owner or pos-

sessor of an intangible item of franchise property subject to ad valorem taxes within this state and that the attempt of the board to otherwise find, under undisputed and admitted facts negativing such property rights, was unauthorized and void, and (b) that in such circumstances an independent action to enjoin the collection of the tax may be maintained by the taxpayer; but that such independent action is not maintainable, and the taxpayer is relegated to the statutory procedure, in all cases where the admitted facts—or those found by the assessing board under evidence adduced—are sufficient in law to create and bring into existence the item of property sought to be taxed. In the latter case the action of the board could at most be only voidable; whereas, its action in assessing against the taxpayer property he does not own and which has no existence, is void.

The trial court so held, and for the reasons stated, its judgment is affiirmed; the whole Court sitting.

Judges Cammack and Fulton dissent from the portion of the opinion holding that appellee might maintain this original action rather than appeal from the action of the Department of Revenue in making the franchise assessment.