# Commonwealth ex rel. Howard, Commissioner of Revenue, v. Denham.

November 26, 1946.

Eldon S. Dummit, Attorney General, Roy W. House, Assistant Attorney General, and Maurine Sharp for appellant.

Norman Bowman for appellee.

OPINION OF THE COURT BY JUDGE DAWSON—Reversing.

Appellant seeks to recover cigarette taxes and penalties assessed against the appellee and to enforce a lien to secure the payment of the amount due. The lower court dismissed the action because in its judgment there was no competent evidence to sustain it.

The only evidence introduced is a certified copy of the transcript of the record of the Department of Rev-

enue pertaining to the cigarette tax owed by the appellee, which under an order entered in the court below is to be considered on behalf of the appellant, subject to its relevancy and competency.

The only question presented by this appeal is whether this copy of such transcript is competent evidence. KRS 422.020(4) provides:

"Any public record, kept by any state administrative agency, or copy duly certified by the custodian thereof, shall be prima facie evidence of its contents in all proceedings."

422.010(2) requires the courts to take notice of the official signatures of public officers in this state.

The certificate accompanying the copy of the Department record is properly signed by W. J. Moore, then Commissioner of Revenue, who at that time was the custodian of all the records of his department. KRS 12.040.

It is clear that under the plain provisions of these statutes the evidence offered is competent and should have been so considered. Moreover, we find the generally accepted rule to be that a certified copy of a public record is admissible in evidence as proof of its contents. See 20 Am. Jur., Evidence, Section 430, 1036, 1038; Lewis v. United States, 9 Cir., 38 F. 2d 406; and Commonwealth v. Miles & Co., 14 Ky. Law Rep. 107.

The record of the Department of Revenue shows the basis for the tax and the amount of the tax assesed, as well as other material facts in connection with the claimed liability of the appellee. When this copy of the record was introduced in evidence the appellant established a prima facie case and thus the burden of proceeding with the evidence shifted to the taxpayer, either to establish the inaccuracy of the record or relieve himself from liability by such other defenses as may be available to him. Louisville Tank Line Co. v. Commonwealth, 123 Ky. 81, 93 S. W. 635.

It follows that the court's judgment to the effect that there is no competent evidence to support the appellant's action is erroneous and it therefore must be and is reversed for proceedings consistent with this opinion.