## Curd v. Commonwealth.

March 10, 1950.

Chester D. Adams, Judge.

458

Frank S. Ginocchio and Kermin Fleming for appellant.

A. E. Funk, Attorney General, Maurine Sharp, and Hal O. Williams, Assistant Attorney General, for appellee.

CLAY, COMMISSIONER—Affirming.

This is a suit by the Commonwealth to recover income taxes, interest, and penalties alleged to be owing by appellant for the calendar years 1936 and 1937. He introduced no evidence on his behalf, and judgment was entered for the Commonwealth. Several grounds are urged for reversal.

No income tax returns were filed by appellant for the years in controversy. In 1940 the Revenue Department made an assessment of the taxes due and apparently mailed notices of these assessments to appellant at his

address in Lexington. No protest was made, nor was an appeal taken from either of these assessments. This action was filed in 1944.

When the case came on for trial before the Circuit Court without a jury, a preliminary statement was made on behalf of the Commonwealth and thereupon its attorney filed a "Certified Copy of 1936 and 1937 Income Tax Records of The Department of Revenue for Edward W. Curd Lexington, Ky." The contents of this exhibit were certified as true and correct copies of the Department's records by the Commissioner of Revenue who was their custodian. These records consisted of an unsigned copy of a federal income tax return, abstracts of changes on federal income tax returns, reports of audits, copies of letters addressed to the taxpayer, income tax statements, inter-office communications, and other letters and memoranda. The information contained in this exhibit was the basis upon which assessments were made against appellant, and the basis of this action.

Appellant's first contention is that the writings, copies of which were filed as the Commonwealth's exhibit, did not constitute public records. KRS 422.020(4) provides:

"Any public record, kept by any state administrative agency, or copy duly certified by the custodian thereof, shall be prima facie evidence of its contents in all proceedings."

Appellant relies on the common law rule that "public records" are only those which public officials are required by law to keep. Several cases cited by him involve the right to inspect such records by members of the public and do not involve the particular question here presented. However, regardless of the common law rule, we have a statute, KRS 12.140, which provides in part: (our italics)

"Unless otherwise provided by law, all papers, books, and other records of any matters required by law or administrative rule to be kept by any agency, *and all records arising from the exercise of functions authorized thereby, are public records* and shall be open to inspection by any interested person subject to reasonable rules established under KRS 12.080."

The records appearing in the Commonwealth's exhibit clearly resulted from the exercise of the Department's functions prescribed by law, and as such are public records within the meaning of the above quoted statute. It is true that some or all of these records may be confidential under the provisions of KRS 131.190, or they might have been so designated by the Commissioner of Revenue under KRS 12.080. However, in view of the above statute, the right of inspection is not the controlling consideration in determining what are public records, and appellant's argument to this effect is without merit. The Commonwealth's exhibit was competent. See Commonwealth ex rel. Howard, Commissioner of Revenue, v. Denham, 303 Ky. 413, 197 S. W. 2d 907.

Appellant next contends that even though these public records were admissible, they do not constitute proof that he was a resident of or derived his income in the State of Kentucky for the years 1936 and 1937. We believe there are two answers to this contention.

In the first place, the information contained in the Department's records strongly indicated appellant either resided in Kentucky or earned or received income in this state for the years in question. It is difficult to understand why the Federal Government would have a copy of a return by this taxpayer in the Louisville office or why this office would report to the Department of Revenue on appellant as a Kentucky taxpayer if there was no reason to so believe. In addition, negotiations were carried on by representatives of the Department and representatives of appellant concerning this tax liability without any effort being made on his part to show that he had no Kentucky tax liability. The information the Department had was not conclusive with respect to appellant's tax obligation, but at least it furnished a basis for making the assessments.

Secondly, and assuming the information in the possession of the Department did not constitute sufficient evidence to prove appellant's tax liability, he is confronted with two unprotested and unappealed assessments made in 1940. He does not deny that at that time he was a resident of Kentucky. He is here attempting collaterally to attack these assessments. He could do so if they were void. Reeves, Com'r, et al. v. Service Lines, Inc., 291 Ky. 410, 164 S. W. 2d 593. Otherwise,

as pointed out in that case, he is relegated to the statutory procedure for protesting and appealing from the assessments.

Appellant would have us assume the 1940 assessments were void because the Commonwealth did not establish by direct evidence that he resided or derived income in Kentucky for the years in question. He did not, however, plead this defense. More significantly, the Commission had adequate information concerning appellant's possible tax liability upon which to make the assessments under KRS 141.170(2). On the basis of the Department's records, a prima facie case was made out against him. See Commonwealth ex rel. Howard, Commissioner of Revenue, v. Denham, 303 Ky. 413, 197 S. W. 2d 907, heretofore cited. He has failed to show, by any evidence whatsoever, that the Revenue Department exceeded its authority. If appellant could properly assert the defense that these assessments were void, it was encumbent upon him to present some evidence in support of this claim. On the record before us there is nothing upon which to base such a conclusion, and since appellant failed to pursue his statutory remedies, the assessments must be considered final.

Appellant's last contention is that the judgment was erroneous in allowing an overriding penalty of 20 per cent on the tax, interest and penalties due. The point is made that under KRS 135.060 this additional penalty is only allowed in cases where the action is instituted by a "field agent, accountant or attorney employed by the Commissioner of Revenue." The present action was not instituted by such agent, accountant or attorney, but was brought by the Commissioner of Revenue directly.

In the early history of the Revenue acts, penalties imposed on delinquent taxpayers were for the benefit of revenue agents or other officers who proceeded against the taxpayers. The method of collection has from time to time undergone substantial changes, and at present no collecting agent is entitled to recover directly as his compensation any penalties or part thereof.

The 20 percent penalty is fixed by KRS 135.060(3). Reading this statute alone, it would appear to be collectable only in actions instituted by field agents, accountants or attorneys. However, KRS 134.380(1),

which relates to the collection of delinquent taxes, provides in part:

"All power and authority heretofore or now vested in revenue agents, auditor's agents, sheriffs and other state, county or district agents or officers relating to the bringing or prosecution of actions or proceedings for the purposes contemplated by this subsection are transferred to and vested in the commissioner."

The language used is sufficiently broad to cover all agents employed by the Commissioner, and to this extent modifies KRS 135.060(1). Since the penalty was imposed in actions brought by particular agents under that statute, the right to collect it was transferred to the Commissioner when all power and authority vested in others was shifted to him.

Two additional reasons require this construction of the statutes. KRS 134.400(2) provides that the 20 percent penalty collected shall be credited to the general expenditure fund and the delinquent tax fund. It is not imposed for the payment of particular agents who at one time were authorized to institute suits. In addition, the penalty statute would be of questionable constitutionality as discriminatory unless it applied to all taxpayers alike. To say that taxpayer A must pay a certain penalty if the proceedings are initiated by a particular agent of the Commissioner, and that taxpayer B need not pay such penalty if the suit is brought by the Commissioner directly, would violate the constitutional principle of uniformity of taxation.

It is our conclusion the 20 percent penalty must be paid by all taxpayers against whom a judgment is recovered for delinquent taxes in all proceedings of this nature brought by the Commissioner of Revenue on behalf of the Commonwealth.

For the reasons stated, the judgment is affirmed.