Elmer A. HAHN, Appellant,

v.

Robert ALLPHIN et al., Comprising Ken-
tucky Tax Commission, Appellee.

Court of Appeals of Kentucky.

June 17, 1955.

Rehearing Denied Nov. 4, 1955.

Elmer Gaines Davis, Jr., Frankfort,
Smith, Leary & Reed, Richard J. Kenkel,
Covington, for appellant.

Bradford T. Garrison, Frankfort, for
appellee.

CULLEN, Commissioner.

Elmer A. Hahn appeals from a judgment
of the Franklin Circuit Court, which dis-
missed his appeal from a decision of the
Kentucky Tax Commission.

The Department of Revenue of Kentucky
made an assessment of income tax against
Hahn, for the years 1940 through 1950,
based upon Hahn's failure to file returns
for the first six of those years, and his fil-
ing of incorrect returns for the other five
years. The assessment was made pursuant
to KRS 141.210 and 141.990. Hahn pro-
tested the assessment, under KRS 131.110
(1), and after considering his protest the
department made the assessment final.
Hahn thereupon petitioned for a review by
the Kentucky Tax Commission, under KRS
131.110(2), and requested an *informal*
hearing, which is authorized by the statute.
The commission heard the matter informal-
ly, and no evidence was formally introduced
at the hearing, either by the department or
by Hahn. The commission made a final
decision upholding the assessment.

Hahn appealed from the decision of the
Kentucky Tax Commission to the Franklin
Circuit Court, under KRS 131.120, assert-
ing as one ground of error the inadequacy
of the evidence to sustain the decision.
He filed with his complaint copies of his
petition for review by the commission, and
of the commission's order. He filed no
other "record" of the proceedings before
the commission or the department because,

the proceedings having been informal, there was no other record. The commission moved that the appeal be dismissed because of Hahn's failure to file the "record" as required by KRS 131.120, and the court sustained the motion.

On the appeal to this Court, Hahn maintains that the duty was upon the Department of Revenue to make a record of the proceedings at the hearing before the Tax Commission; and that in the absence of any evidence in the record to support the decision of the commission, the decision is void. He further contends that the decision is void because it was predicated on data contained in the files of the department which was not made a part of the record upon the hearing before the commission. He argues lack of procedural due process.

As we view the case, we think the question is simply whether the assessment by the Department of Revenue had prima facie validity so as to place the burden upon the taxpayer of introducing evidence before the Tax Commission to overcome the presumption of validity. If the assessment here was prima facie valid, there was no duty upon the department to introduce evidence before the commission, and the failure of the taxpayer to introduce evidence would result in there being nothing for the circuit court to review as concerns the sufficiency of the factual basis for the assessment.

In Hyden v. Breathitt County Board of Supervisors, 244 Ky. 505, 51 S.W.2d 441, issues substantially identical with those in the instant case were presented with respect to an ad valorem tax assessment. There, the county board of supervisors of tax had raised the assessed valuation of certain real estate. The taxpayer was given a hearing before the board in protest to the increase, but he offered no evidence, nor did the board offer any. On appeal to the circuit court, the taxpayer contended, as Hahn does here, that the assessment was invalid because there was no proof heard or witnesses introduced to support the assessment.

This Court rejected the contention, holding that the assessment was prima facie valid and that the taxpayer had the burden of producing evidence to overcome the assessment. The taxpayer's contention that he was deprived of due process of law was found to be without merit, because he had not availed himself of the opportunity afforded him under the statute to require the production of witnesses.

In Walter G. Houghland & Sons v. McCracken County Board of Supervisors, 306 Ky. 234, 206 S.W.2d 951, it was again held that the official acts of a county board of supervisors are presumptively valid, and the burden of proving their assessments incorrect is upon the taxpayer. See also Marion County Court v. Wilson, 105 Ky. 302, 49 S.W. 8, 799.

As concerns income tax assessments by the Department of Revenue, this Court has held that the records of the department may establish a prima facie case against the taxpayer, such as to place the burden upon him of presenting evidence to overcome the assessment. Curd v. Commonwealth, 312 Ky. 457, 227 S.W.2d 1003. Similar holdings have been made under the Federal income tax law. See Helvering v. Taylor, 293 U.S. 507, 55 S.Ct. 287, 79 L.Ed. 623.

We think the situation in which Hahn finds himself is the same as if he had never protested the assessment nor asked for a review by the Tax Commission. Under such circumstances, he would be precluded from contesting, in the courts, the factual basis for the assessment. KRS 131.125; Reeves v. Jefferson County, Ky., 245 S.W.2d 606.

Hahn's claim of lack of due process cannot be sustained because, as in the Breathitt County case, 244 Ky. 505, 51 S.W.2d 441, he was afforded an opportunity under the law, which he did not utilize, to have a formal hearing before the Tax Commission, at which he could have subpoenaed the records of the department,

examined the officials of the department as upon cross-examination, and offered evidence on his own behalf. Instead, he chose to ask only for an informal hearing. He was not denied due process—he simply did not utilize the processes afforded to him.

The judgment is affirmed.