**KENTUCKY DEPARTMENT OF REVENUE and Kentucky Board of Tax Appeals, Appellants,**

v.

**SUMMERS–HERRMANN, INC., Appellee.**

Court of Appeals of Kentucky.

May 1, 1970.

William S. Riley, Asst. Atty. Gen., Norris A. Harmon, Larry A. Carver, Dept. of Revenue, Frankfort, for appellants.

George M. Catlett, James N. Neel, Frankfort, for appellee.

CLAY, Commissioner.

This is an appeal from a judgment setting aside an order of the Kentucky Board of Tax Appeals which sustained an assessment of additional sales taxes against appellee. The basis of the ruling was that all sales involved were interstate sales exempt from the tax.

Appellee is engaged in the business in Louisville of selling both new and used motor vehicles to residents and nonresidents of Kentucky. Under KRS 139.470 the Department of Revenue in its regulations recognizes that sales in interstate commerce are exempt from the sales tax imposed by KRS 139.200. Regulation SU-44, IIA(4) provides:

"To establish that the gross receipts from any given sale are exempt because the tangible personal property is delivered by the seller from a point within this State to a point outside this State under the terms of an agreement with the purchaser, the *seller will be required to retain* in his records *documentary evidence* which satisfies the Department that there was such an agreement and a *bona fide delivery outside this State* of the property which was sold." (Emphasis added)

During the period July 1, 1960, to September 1, 1963, apparently with the purpose of documenting interstate sales, the appellee used a rubber-stamp notation affixed to automobile orders which provided:

"I HEREBY CERTIFY THAT THIS VEHICLE WAS DELIVERED BY ME IN ⸻

(State of Delivery)

BY ⸻

(Purchaser's Signature)

Obviously this notation does not document a bona fide delivery of the motor vehicle by the seller *to* the buyer outside the State of Kentucky. If the statement had been signed by the salesman, it would have indicated an interstate sale and delivery, but it was signed by the purchaser. It is obvious that in the certification the

word "BY" should have been "TO" to comply with the documentation required by the regulation.

Appellee asserts that the use of the wrong word in the certification was a "clerical error" or a "misprint". Officials of the company testified it was their intention to have this certification identify interstate sales and that to the best of their knowledge their salesmen secured it from customers who were nonresidents of Kentucky accepting delivery outside the state.

The Department contends appellee had the burden of proving the exempt interstate sales under our holding in Hahn v. Allphin, Ky., 282 S.W.2d 824 (1955), and they failed to meet this burden. It is said that the certification was meaningless as a documentation of an interstate sale and there was no direct proof that these sales had · an interstate character.

We are of the opinion that the certification must be accorded some significance. While it makes no sense on the purchase order when read literally, this very fact compels us to seek the intended purpose and meaning of the statement the purchaser is required to sign. As above noted, there was evidence that the sole purpose of this certification was to identify interstate sales. As in the construction of contracts, an inaccuracy of expression should be resolved in favor of the proved intention of the parties. 17 Am.Jur.2d § 244, page 631. As explained, this inept language can be accorded reasonable meaning, and as explained, it constitutes a documentation of the character of the sale.

Further proof that these sales were interstate in character are the addresses of the purchasers on the purchase orders, which show them to be nonresidents of Kentucky. As a matter of fact, an employee of the Department of Revenue testified that its audit and investigation failed to reveal a single questioned sale where the purchaser was a Kentucky resident or the vehicle was actually licensed in Kentucky. Thus we have substantial proof supporting appellee's position and no proof on the part of the Department that appellee had misrepresented a single one of the questioned sales. We think the Chancellor correctly concluded that this assessment as improper.

Appellants attempted to take a cross-appeal to the circuit court but it was dismissed on the ground that it was untimely. This ruling was correct, but we may observe that in the light of what we have decided above, appellants could not have prevailed on the cross-appeal.

The judgment is affirmed.

All concur.